John Glenn MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–81–005 CR.

Court of Appeals of Texas, Beaumont.

Oct. 21, 1981.

Rehearing Denied Nov. 10, 1981.

Danny Doyle, Port Arthur, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

KEITH, Justice.

Appellant was indicted for burglary of a building in violation of *Section 30.02(a)(1), V.T.C.A., Penal Code (1974)*, and the indictment contained a single enhancement paragraph charging one prior felony conviction. The appellant pleaded not guilty but the jury found him to be guilty and assessed his punishment at confinement for thirty-five years.

The sufficiency of the facts to sustain the conviction is not challenged. We need to state only that the owner of the Nederland Pharmacy, Kenneth Sheffield, went to his store at approximately 10 p. m. on May 30, 1980, and saw someone in the store. Sheffield was accompanied by Denny James and, while they were in front of the store, someone inside the store kicked out one of the windows and came out carrying a box. Sheffield and James chased the intruder but he escaped. James, but not Sheffield, identified appellant as the burglar. Appellant did not testify nor did he offer any defense to the State's case.

The first of two grounds of error complains of questions propounded to the jury on voir dire examination by State's counsel. He was explaining to the jury panel that "in order to sit on this jury you have to be able to consider that a burglary of a building type case and the range of punishment that the law sets out." He then advised the jury that the penalty range was from two to twenty years confinement in the Texas Department of Corrections plus a ten thousand dollar fine. He asked if all on the panel could "consider that full range of punishment," but there was no response.

State's counsel then continued by advising the jury:

"The law says that if I show you at the punishment phase that the defendant has been found guilty previously of a felony offense that the punishment range is from five years to ninety-nine years or life and up to ten thousand dollar fine."

Again, he asked if the members of the panel could consider this enhanced punishment, but received no response. The entire episode related above did not provoke any complaint or objection from appellant's counsel.

■ At the outset of our consideration of this ground of error, we express our disap-

proval of such trial tactics. One of the purposes of the legislature in the revision of the trial procedure by providing the bifurcated trial was to require the State to establish the guilt of the accused by lawful evidence without the jury being informed of the accused's prior criminal record. Tactics such as we now review thwart such legislative purpose.

■ However, error has not been preserved. In *Cox v. State*, 422 S.W.2d 929, 930 (Tex.Cr.App.1968), the entire indictment, including five enhancement paragraphs, was read to the jury at the commencement of the hearing on the guilt or innocence.

The Court condemned such trial tactic, but held "in the absence of an objection, exception, or a request for an instruction or a mistrial," the question could not be raised for the first time on motion for new trial. See also, *Bell v. State*, 504 S.W.2d 498, 501 (Tex.Cr.App.1974). In the absence of a timely objection, with an opportunity for the trial court to take protective action, nothing is presented for review. *Phillips v. State*, 511 S.W.2d 22, 27 (Tex.Cr.App.1974).

We are unpersuaded that appellant has presented "fundamental error" and are of the opinion that his reliance upon *Bray v. State*, 478 S.W.2d 89 (Tex.Cr.App.1972), is misplaced. If appellant felt aggrieved by the action of the prosecutor, it is to be assumed that the trial court would have taken appropriate steps to protect his rights if he had made known his desires.

Moreover, in *Bevill v. State*, 573 S.W.2d 781, 783 (Tex.Cr.App.1978), the Court held that it was proper to inform the jury of the range of punishment applicable to an offense which is enhanced by one prior felony offense. Ground of error number one is overruled.

■ In his second ground of error, appellant asserts that the trial court erred "by beginning the evidence in the case without the presence of the defendant and contrary to the provisions of Article 33.03 C.C.P." We disagree for the reasons now to be stated.

Appellant was at liberty upon bond when the case was called for announcements upon the guilt-innocence stage of the trial and was present in court with his retained attorney. He assisted his counsel in the striking of the jury list. At the conclusion of the voir dire examination, a short recess was called while the parties exercised their peremptory challenges. After the deputy clerk had prepared the jury list, it was noticed that the appellant had not returned to the courtroom. At a hearing conducted by the Court, it was shown that after appellant had assisted his attorney in striking the jury list, he told his lawyer that he "was going to get a match" but never returned. The Court found that "prior to the voluntary absence of the defendant a jury was selected by the clerk as per the list tendered by the prosecution and defense counsel."

Appellant's absence was discovered before the jury was seated and sworn and, since he was still absent after the indictment was read, the Court entered a plea of not guilty before any testimony was heard.

The question before us is whether the jury had been "selected" at the time the appellant absented himself. The provisions of *Art. 33.03, Vernon's Ann.C.C.P. (Supp. 1980–1981)*, are set out in the margin * but we have not been cited nor have we found a case in Texas precisely in point and appellant submits the ground of error without citation of authority.

* "In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial. Provided, however, that the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case."

State's counsel points to the fact that there is no evidence in the record that appellant was not present at the time the clerk compared the two lists and learned who were the first twelve members of the panel whose names were not stricken by the parties. There being no testimony in the record as to precisely when appellant chose to disappear, State's counsel correctly presents the record. Moreover, appellant has failed to rebut the presumption found in *Art. 33.03, V.A.C.C.P.*

Appellant does not, because he cannot, point to any evidence at the hearing indicating that the jury had not been "selected" when he decided to disappear. We hold that when the parties handed in their respective jury lists, with the challenges noted thereon, it was purely a ministerial act for the clerk to "call off the first twelve names on the lists." *Art. 35.26, V.A.C.C.P. (1966).* These unstricken names constituted the jury and had been selected, insofar as shown by our record, before appellant voluntarily absented himself from further attendance upon his trial.

*Fed.R.Crim.P. 43* is designed to accomplish the same result as *Art. 33.03, V.A.C. C.P.* It requires the presence of the defendant at every stage in the trial, including the impanelment of the jury; but, in non-capital cases, the defendant's voluntary absence after the trial has commenced in his presence shall not prevent continuing the trial to and including the return of the verdict.

This Rule was upheld in *Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973). Quoting from *Illinois v. Allen*, 397 U.S. 337, 349, 90 S.Ct. 1057, 1063, 25 L.Ed.2d 353, 362 (1970) (Brennan, J., concurring), the *Taylor Court* said:

> " '... there can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward.' " (414 U.S. at 20, 94 S.Ct. at 196, 38 L.Ed.2d at 178)

And, so it is here.

The concept that an accused can go through trial proceedings to the point of selecting the entire jury and then, perhaps because he is dissatisfied with the complement thereof, freely depart, does not appeal to us. In this case, appellant decided to disappear; he must now accept the consequences of his voluntary act. See and cf. *United States v. Miller*, 463 F.2d 600, 603 (1st Cir. 1972).

Ground of error number two is overruled and the judgment of the trial court is AF-FIRMED.