**Reginald PRESTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–81–00414–CR.**

Court of Appeals of Texas, Dallas.

Sept. 8, 1982.

Discretionary Review Refused Dec. 15, 1982.

Paul Brauchle, Richard A. Anderson, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen C. Beverly, Asst. Dist. Atty., for appellee.

ALLEN, Justice.

This is an appeal from a conviction for aggravated robbery. Following a verdict of guilty the jury assessed punishment at twenty years confinement in the Texas Department of Corrections. On appeal, appellant contends that the trial court erred in failing to grant appellant's motion to quash the indictment which would have required the State to plead the specific point at which the robbery occurred while in the course of committing theft; and that the trial court erred in the court's charge to the jury at the guilt/innocence phase of the trial in failing to define properly the term "effective consent." Finding no error requiring reversal set forth by appellant's two grounds of error, we affirm the conviction.

■ In his first ground of error appellant contends that the trial court should have sustained his motion to quash the indictment and required the State to plead more specifically the meaning of the phrase "while in the course of committing theft." Appellant argues that since the statutory definition of the phrase encompasses four variant methods of commission of this element, the State should be required to plead the specific allegation of the theory the State will rely on to prove this element. We disagree and overrule this ground of error on the authority of *Linville v. State,* 620 S.W.2d 130, 131 (Tex.Cr.App.1981).

■ In his second ground of error appellant asserts that the trial court erred in the guilt or innocence stage of the trial in failing to define properly the term "effective consent." Appellant's contention is that, in the defining portion of the charge,

the court used the general definition of "effective consent" from Tex.Penal Code Ann. § 1.07(a)(12)(A) (Vernon 1977) [1] rather than the definition of "effective consent" contained within the chapter on theft Tex. Penal Code Ann. Section 31.01(4)(A) and 31.01(1) (Vernon 1974).[2] The appellant timely objected to the court's definition of "effective consent" as set forth in its charge to the jury and was overruled. The charge to which appellant objected follows: "Effective consent includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by force, threat or fraud." Lack of consent is not an element of the crime of aggravated robbery as defined in Tex.Penal Code Ann. § 29.03(a), except insofar as it is applicable to the element of the offense alleged as follows: "while in the course of committing theft." The appellant contends that the only definition that may be applied to the term "without effective consent" as alleged in the indictment in this case is the definition set forth by Tex.Penal Code Ann. Section 31.01(4) which applies to the chapter on theft. The facts proven in the record show that the complainant, Darleen Hays, was stopped at gunpoint by appellant and his companion, ordered to vacate her vehicle, had her hair pulled, heard a shot fired as she moved away from her vehicle, witnessed appellant and his companion enter her vehicle and drive away, firing a shot as they left. Complainant's testimony shows she was in fear of loss of life or of imminent bodily injury on the occasion in question and that no effective consent was given by her, either express or apparent, to the taking of her property. No claim is made in the record by appellant that consent *was given* so as to make consent a point in issue.

1. "Effective consent" includes consent by a person legally authorized to act for the owner. Consent is not effective if:
   (A) induced by force, threat, or fraud;

2. "Effective consent" includes consent by a person legally authorized to act for the owner. Consent is not effective if:
   (A) induced by deception or coercion;
   (1) "Coercion" means a threat, however communicated:
   (A) to commit an offense;

(B) to inflict bodily injury in the future on the person threatened or another;
(C) to accuse a person of any offense; or
(D) to expose a person to hatred, contempt, or ridicule;
(E) to harm the credit or business repute of any person; or
(F) to take or withhold action as a public servant, or to cause a public servant to take or withhold action

The evidence clearly reflects that no consent was requested and none given. We note that the application portion of the court's charge required the jury to find that the appellant did "threaten or place the said complainant in fear of imminent bodily injury" in order to find him guilty of the offense of aggravated robbery. This allegation is amply supported by the evidence. The jury being expressly required to find a "threat", this case falls within the definition of "effective consent" under both Sections 1.07(a)(12)(A) and 31.01(1) and 31.01(4)(A). We find no error in the definition of "effective consent" given by the court's charge here complained of. We note further that the charge given properly applied the law to the facts and, effectively restricted the jury's deliberations to the allegations in the indictment. The charge made clear when a "guilty" verdict would be required and when a "not guilty" verdict would be required. The charge viewed as a whole does not authorize conviction on a theory not alleged in the indictment. It is not calculated to injure rights of the defendant or to deprive him of a fair and impartial trial. Tex.Code Crim.Pro.Ann. art. 36.19 (Vernon 1981). No reversible error is shown. The judgment is affirmed.

· GUITTARD, C.J., and AKIN, CARVER, SPARLING, FISH, WHITHAM and GUILLOT, JJ., concur in the opinion.

TED Z. ROBERTSON and STEPHENS, JJ., concur in the dissent.

STOREY, J., not participating.

VANCE, Justice, dissenting.

I respectfully dissent, and will address the appellant's contention that the trial court erred in the guilt/innocence phase of the trial in failing to properly define the term "effective consent." Appellant's contention is that, in the definitional portion of the charge, the court used the general definition of effective consent from Tex.Penal Code Ann. Section 1.07(a)(12)(A) (Vernon 1974) [1] rather than the definition of effective consent contained within the theft statute Tex.Penal Code Ann. Section 31.01(4)(A) (Vernon 1974). [2] The majority opinion is correct in stating lack of consent is not an element of the crime of aggravated robbery. Tex.Penal Code Ann. Section 29.03(a). It is not necessary to negate the victim's consent in the charging instrument. *McWherter v. State,* 607 S.W.2d 531, 535 (Tex.Crim.App.1980). Neither is it necessary in an aggravated robbery indictment to allege the elements of the underlying crime of theft. *Evans v. State,* 606 S.W.2d 880, 882 (Tex.Cr.App.1980). However, in the present case, elements of the underlying crime of theft were set out in the indictment. [3]

The Court did attempt to charge on the element set out in the indictment, [4] as well as charging on "while in the course of committing theft." The appellant timely objected to the court's definition of "effective consent" and was overruled. The definition of "effective consent" as given by the trial court was to be used by the jury where applicable to "while in the course of committing theft" and to the elements of theft as set out in the charge. The definition as

1. "Effective consent" includes consent by a person legally authorized to act for the owner. Consent is not effective if:
   (A) induced by force, threat, or fraud;

2. "Effective consent" includes consent by a person legally authorized to act for the owner. Consent is not effective if:
   (A) induced by deception or coercion;

3. The pertinent part of the indictment alleges that appellant: [t]hen and there while in the course of committing theft and with intent to obtain and maintain control of the property of DARLEEN HAYS, hereinafter called "Complainant," the said property being an automobile, without the effective consent of the said Complainant and with intent to deprive the said Complainant of said property, did then and there by using and exhibiting a deadly weapon, to-wit: a firearm, intentionally and knowingly threaten and place the said complainant in fear of imminent bodily injury.

4. The charge defined "Effective consent" as:
   "Effective consent" includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by force, threat or fraud.

used, was taken from Section 1.07(a)(12)(A) *supra* which is applicable to all of the Penal Code *except* to the crime of theft. The court should have defined "effective consent" in accordance with Section 31.01(4)(A) *supra*. *See* Tex.Penal Code Ann. Section 31.01, comment (Vernon 1974). The majority opinion points out that the evidence "clearly reflects that no consent was requested and none given." Further the majority opinion states "No claim is made in the record by appellant that consent *was given* so as to make consent a point in issue." Consent was an element set out in the indictment and the lack of consent must be proved. It is significant that the term "force" used in the court's charge on "effective consent" is not part of the proper statutory definition of "effective consent" for use in the crime of theft, i.e., "coercion or deception."[5] Consequently, the charge in the present case allowed the jury to find that the consent had been induced by force, which would not be an alternative available to the jury under Sec. 31.01, *supra*. This is an example of the third type of fundamental error set out in *Cumbie v. State,* 578 S.W.2d 732, 734 (Tex.Cr.App.1979). The court did commit reversible error because the charge authorized conviction for conduct which is not a penal offense (i.e. where consent is induced by force). The judgment should be reversed and the case remanded.

**5.** These terms are defined in Tex.Penal Code Ann. Section 31.01(1) and (2) (Vernon 1974) as they relate to the crime of theft as follows:

(1) "Coercion" means a threat, however communicated:

(A) to commit an offense;

(B) to inflict bodily injury in the future on the person threatened or another;

(C) to accuse a person of any offense; or

(D) to expose a person to hatred, contempt, or ridicule;

(E) to harm the credit or business repute of any person; or

(F) to take or withhold action as a public servant, or to cause a public servant to take or withhold action.

(2) "Deception" means:

(A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;

(B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;

(C) preventing another from acquiring information likely to affect his judgment in the transaction;

(D) selling or otherwise transferring or encumbering property without disclosing a lien, security interest, adverse claim, or legal impediment to the enjoyment of the property, whether the lien, security interest, claim, or impediment is or is not valid, or is or is not a matter of official record; or

(E) promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.