Cleo L. MOORE, Appellant,

v.

The STATE of Texas, State.

No. 2–82–195–CR.

Court of Appeals of Texas, Fort Worth.

July 13, 1983.

Rehearing Denied Aug. 24, 1983.

Pete Gilfeather, Fort Worth, for appellant.

Tim Curry Dist. Atty. by James J. Heinemann, Asst. Dist. Atty., Fort Worth, for the State.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Cleo L. Moore, was convicted by a jury of rape (V.T.C.A. Penal Code, § 21.02) and sentenced to 15 years in the Texas Department of Corrections. Except for the selection of the jury, the entire trial was held in the absence of Moore.

We reverse and remand.

Moore was charged with the rape of a resident of the apartment complex where he was employed as a maintenance man. He pled not guilty to the charge on February 16, 1981 and a jury was selected and sworn on that day. The trial was to begin the next morning at nine o'clock. Moore did not appear.

At ten o'clock that morning, after an hour's delay, the court had Moore's name called in the hall and received no response. The court asked defense counsel if he knew Moore's whereabouts and if Moore had communicated with counsel or co-counsel as to any illness or other problem that might have prevented Moore from appearing in court. Upon receiving a negative response to these two questions, the court proceeded to rule that the trial should continue in Moore's absence under V.A.C.C.P. art. 33.03 "in that a jury has been examined and chosen and sworn, and issue has been joined under federal rules."

At this point, defense counsel objected to the court's ruling and moved for continuance for 24 hours on the grounds that he and his co-counsel were aware that Moore had a heart ailment that might possibly have prevented his attendance at trial that day. He also presented testimony to show that his office was diligently searching for Mr. Moore in area hospitals and had not succeeded in locating him. Counsel stated that he had no information that Mr. Moore was ill and no way to contact him. The court ruled that he had no evidence before him as to why Mr. Moore was not present, denied the motion for continuance and ruled that the trial should proceed.

At trial, Moore was convicted and the jury fixed his punishment at 15 years. Some months later, Moore was arrested in Illinois, brought back to Texas, and sentenced to 15 years by the court.

Moore asserts that the trial court erred in continuing the trial in his absence (pursuant to art. 33.03) because the court did not proceed far enough in determining whether or not his absence was voluntary and, even if it was voluntary, did not inquire whether or not the circumstances of the case were such that it would be difficult or inconvenient to reschedule the trial with Moore present.

We agree.

Article 33.03 of the Texas Code of Criminal Procedure states:

In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the rec-

ord to the contrary that he was present during the whole trial. Provided, however, that the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case.

This statute was amended in 1979 in accordance with Fed.R.Crim.P. 43 to provide, in essence, that the trial should continue where the defendant voluntarily absents himself in any instance when jeopardy has attached. There are few Texas cases dealing with art. 33.03 since the amendment and none on the issue presented in the instant case. Those that do deal with the statute, both before and after the amendment, seem to turn on preservation of the error. See *Johnston v. State*, 477 S.W.2d 891 (Tex.Cr.App.1972); *Miller v. State*, 623 S.W.2d 491 (Tex.App.—Beaumont 1981). In the instant case, the record clearly reflects defense counsel's objections to continuation of the trial and his request for a continuance.

■ As the court said in *Miller, supra*, Fed.R.Crim.P. 43 is designed to accomplish the same result as art. 33.03. Thus, we may look to cases construing that rule as persuasive, if not binding, authority. This federal rule was upheld as constitutional in *Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973), where the Supreme Court said (quoting from *Illinois v. Allen*, 397 U.S. 337, 349, 90 S.Ct. 1057, 1063, 25 L.Ed.2d 353, 362 (1970) [Brennan, J. concurring]):

'there can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward.' [414 U.S. at 20, 94 S.Ct. at 196, 38 L.Ed.2d at 178]

We agree wholeheartedly with this statement. In the instant record, however, there is nothing to show *at the time the court ruled* that Moore's absence was voluntary. All the trial court had before it were the facts that Moore was not in the hall outside the courtroom and that defense counsel had not communicated with Moore and could not reach him. This is certainly not suffi-

cient to show that Moore's absence was voluntary and an attempt to delay the trial. The fact that Moore was later arrested in Illinois is not relevant because this was not known to the trial court at the time of his ruling.

We note that the trial court in *Taylor, supra*, upon being apprised of the defendant's absence, recessed the trial for the rest of the afternoon and held a hearing the next day to determine if his absence was voluntary. In the instant case, counsel was given one hour to find his client before the court ruled.

■ In *United States v. Benavides*, 596 F.2d 137 (5th Cir.1979), the court was construing Fed.R.Crim.P. 43 in another case of absent defendants. In that case, the court held that the trial court properly concluded that the defendants were voluntarily absent. Nevertheless, the case was reversed because a finding that a defendant's absence is voluntary should not be the end of the trial court's inquiry. A court has " 'only a narrow discretion' " in deciding to proceed because "the right to be present at one's own trial must be carefully safeguarded." *United States v. Benavides, supra*, at 139. The court went on to say that the determination to proceed should be based on a "complex" of issues including:

1. likelihood that the trial could soon take place with the defendant present;

2. difficulty of rescheduling, particularly in multi-defendant trials;

3. burden on the Government in having to undertake two trials, again particularly in multi-defendant trials; and

4. inconvenience to jurors.

*Benavides* at 139; *see also United States v. Tortora*, 464 F.2d 1202, 1210 (2nd Cir.1972), *cert. denied*, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516.

The *Benavides* court went on to hold that the trial court abused its narrow discretion by proceeding without making any inquiry into whether or not the trial could soon be rescheduled with the defendants in attendance. The court said,

Hindsight demonstrates they were fugitives; but the validity of the court's exercise of its discretion does not turn on whether subsequent events prove or disprove unsupported judgments. At the time the court decided to proceed, the whereabouts of both defendants were unknown. Other than the possibility of juror inconvenience, the record demonstrates no great difficulty in rescheduling the trial.

*Benavides* at 140.

█ We think the reasoning in *Benavides* is applicable to the instant case. Even if Moore's absence was voluntary, there was no showing that the trial court could not have delayed the trial in an effort to find Moore. Instead, the court waited only one hour before proceeding in the face of a motion for continuance. Under the facts in this case, we hold that the court's ruling was an abuse of the court's discretion and reverse the conviction.

█ Moore also contends that the evidence was insufficient to show that force was used in the commission of the crime. The record shows that Moore pushed the victim down a hallway to the bathroom where he pushed her to the floor. She testified that she struck her head against the wall as she fell and that Moore disrobed her and forcibly penetrated her. In the light of this testimony, we hold Moore's insufficiency argument to be without merit and overrule that point of error.

We remand to the trial court for a new trial on this indictment.

ASHWORTH, Justice, dissenting.

I dissent.

The effect of the majority opinion is to require the trial court to delay the trial for at least one day in every case where the defendant voluntarily absents himself from the trial and goes to another state for a prolonged period of time.

There is nothing in this record to show that Moore's absence was anything other than voluntary. Certainly if he had a good excuse for not being present, this could

have been communicated to his attorney, who like the proverbial bride, gets left at the altar. Had good cause for absence been shown, we have no reason to believe the trial judge would not have granted appropriate delay.

Each case must be determined according to the existing circumstances. Under the circumstances existing in this case, I would hold that the trial judge granted sufficient delay for location of Moore by his attorney. Explanation for his absence still has not been given. Even if the trial court has limited discretion in this type of situation, such discretion was not abused under the circumstances present.

I would affirm the conviction.