**Frank Douglas FELTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05-83-00065-CR.

Court of Appeals of Texas,
Dallas.

Sept. 27, 1983.

Richard Alan Anderson, Dallas, for appellant.

Henry Wade, Dist. Atty., Anne Wetherholt, Asst. Dist. Atty., for appellee.

Before AKIN, WHITHAM and SHUMPERT, JJ.

WHITHAM, Justice.

On the court's own motion, our former opinion is withdrawn. Following re-submission the following opinion is substituted as the opinion of the court.

Appellant appeals a conviction for aggravated robbery. The jury assessed punishment at seventy-five years confinement in the Texas Department of Corrections. We affirm.

In his first ground of error appellant contends that statements made by the prosecutor during voir dire were error. The statements concerned the conditions under which the jury could assess an enhanced sentence. Appellant contends that the statements informed the jury panel, by innuendo, that the appellant was a convicted felon. Thus, appellant concludes that he was denied a fair trial. The statements with which we are concerned were made by the prosecutor while qualifying potential jurors on the range of punishment applica-

ble to the offense. The prosecutor told the jury panel that normally the minimum punishment for the offense was five years, but that under "certain circumstances" a minimum punishment of fifteen years was required. The prosecutor then stated: "Those circumstances could come about if the state proved that the defendant had been previously convicted of a felony offense—." At this point, appellant objected to any further mention of a prior felony conviction. His objection was overruled. This objection was based on two pre-trial motions in which appellant sought to prevent any mention, either directly or indirectly, of a prior felony conviction. After the objection was overruled, the prosecutor reiterated that the sentence was to be enhanced if a prior felony conviction was shown, and then qualified the jury on the enhanced minimum sentence. We conclude that the prosecutor's statements were proper under *Frausto v. State,* 642 S.W.2d 506 (Tex.Cr.App.1982); *Martinez v. State,* 588 S.W.2d 954 (Tex.Cr.App.1979); and *Bevill v. State,* 573 S.W.2d 781 (Tex.Cr.App.1978) (*en banc*). In both *Bevill* and *Martinez* the court had before it the question of whether the jury could be qualified on the full range of punishment in an enhancement case in which the jury might be called upon to assess punishment.

In *Bevill* the Court stated:

Where the jury may be called upon to assess punishment, both the State and the defendant have a right to qualify the jury on the full range of punishment. Thus, it is proper to inform the jury of the range or punishment applicable to an offense which is enhanced by one prior felony offense.

573 S.W.2d at 783. *Martinez* referred to and followed the above holding from *Bevill,* 588 S.W.2d at 956. Thus, the Court of Criminal Appeals has afforded both sides the right to so qualify the jury as prosecution or defense strategy dictates. Moreover, *Frausto* answers the appellant's efforts to distinguish the present case from *Bevill* and *Martinez.* In *Frausto,* the court in quoting from *Martinez,* 588 S.W.2d at 956, stated:

Certainly, one can *inform* generally of applicable punishment without *reading* the precise allegations for enhancement, and thereby avoid what some have regarded as jeopardizing the presumption of innocence.

642 S.W.2d at 509 (emphasis in original). In *Frausto,* the court further stated:

To reiterate, a prosecutor may inform the jury panel of the range of punishment applicable if the State were to prove a prior conviction for enhancement purposes, but it may not inform the jury of any of the specific allegations contained in the enhancement paragraph of a particular defendant's indictment.

642 S.W.2d at 509.

■ Accordingly, we disagree with appellant that the comments of the prosecutor during voir dire impaired his right to an impartial jury and hold, therefore, that in the present case the prosecutor's statements were a permissible exercise of the State's right to qualify potential jurors. Appellant's first ground of error is overruled.

In his second ground of error appellant contends that the trial court erred in the guilt or innocence stage in failing, over objection, to define properly the term "effective consent." Appellant complains of the following definition of "effective consent":

Effective consent means assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by force, threats, or fraud.

Appellant's objection was as follows:

The Defendant would show that such definition by the court is not a statutory definition as authorized by either Section 1.07(a)(12), of the Texas—or Section 31.01(4), both sections [of the] Texas Penal Code.

■ We conclude that the definition properly defined the term "effective consent" under TEX.PENAL CODE ANN. Section 1.07(a)(12) (Vernon 1974) and that it

was proper for the trial court to use the general definition of "effective consent" from Section 1.07(a)(12) rather than the definition of "effective consent" contained within the chapter on theft, TEX.PENAL CODE ANN. Section 31.01(4)(A) (Vernon 1974). *Preston v. State,* 641 S.W.2d 638 (Tex.App.—Dallas 1982, pet. ref'd) (*en banc*). Indeed, it is now no longer necessary to charge on "effective consent." *Woods v. State,* 653 S.W.2d 1 (Tex.Cr.App. 1983) (*en banc*).

> [W]e hold that, where it is alleged, proven, and found that a defendant intentionally or knowingly placed the owner in fear of imminent bodily injury or death in the course of the taking, a charge is not defective for failing to require that the jury separately find the taking to have been without the effective consent of the owner.

*Woods,* slip op. at 2. Appellant's second ground of error is overruled.

In his third ground of error appellant contends that the trial court erred in allowing the prosecutor to bolster the complainant's testimony at the guilt or innocence phase. The prosecutor's remark, the objection and the court's ruling were:

> (The Prosecutor): No question in her mind whatsoever, and you could see the convincing style in her testimony, and when she looked at this particular defendant over here, it was very sincere, no question about it.
>
> (Defense Counsel): To which, I apologize, Your Honor, to which the last remark, we object as being Mr. Ortiz' personal opinion and bolstering the witness, and we object to it.
>
> The Court: Overruled.

Counsel may during final argument draw from those facts in evidence all inferences that are reasonable, fair, and legitimate and counsel has wide latitude without limitation in this respect so long as the argument is supported by the evidence and offered in good faith. Such inferences may be based upon what the jury heard and observed in the courtroom during the presentation of evidence. *Vaughn v. State,*

607 S.W.2d 914, 922–23 (Tex.Cr.App.1980). We conclude that the complained-of argument did not refer to the prosecutor's opinion of the witness but to the conduct of the witness on the stand which the jury observed and find, therefore, that no error occurred. Accordingly, appellant's third ground of error is overruled.

In his fourth ground of error appellant contends that the trial court erred in allowing the prosecutor to bolster complainant's testimony at the guilt or innocence phase. The prosecutor's remark, the objection and the court's ruling were:

> (The Prosecutor): [A]nd they told you they looked and they looked hard, for one reason, so maybe and hopefully at some time they could walk into a courtroom and they could raise their right hand and they could say 'I swear to God'.
>
> (Defense Counsel): To which we object, and I apologize, Mrs. Meier, to which we object to that last part as being impermissible bolstering of testimony, and I object to it.
>
> The Court: The objection is overruled....

We conclude that the prosecutor's remark was one based upon what the jury heard and observed. *Vaughn,* 607 S.W.2d at 923. Moreover, we conclude that the remark was a reasonable deduction from the evidence. *See Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Cr.App.1973). Accordingly, we find that no error occurred. Appellant's fourth ground of error is overruled.

In his fifth ground of error appellant contends that the trial court erred in allowing the prosecutor, over objection, to comment on the parole system at the punishment phase by the following remarks:

> (The Prosecutor): [H]e has served his notice on all of us that he is going to rob, and he is going to terrorize people, and I say to you that the only proper sentence in this case is a sentence of Life, and look, if a family ever has to come into a courtroom again, at the hands of Frank Douglas Felton, that at least the twelve of you will be able to say, 'when we had the

opportunity, and we had the responsibility, we did all we could'.

We disagree that the prosecutor's remark was a comment on the parole system. Rather, we conclude that the remark was a proper, permitted plea for law enforcement. *Alejandro,* 493 S.W.2d at 231; *Minafee v. State,* 482 S.W.2d 273, 276 (Tex.Cr.App. 1972) (similar remark held a proper plea for law enforcement). Appellant's fifth ground of error is overruled.

■ In his sixth ground of error appellant contends that the trial court erred in allowing the prosecutor to elicit from a witness fingerprint identification of the appellant from a jail card (State's Exhibit 14A) which had been admitted into evidence for "record purposes only" in an attempt to keep inadmissible extraneous offenses from the jury. For the purpose of this opinion we assume, but do not decide, that it was error to permit such evidence at the punishment phase. We must then consider whether the error was harmless. State's Exhibit No. 13 is the pen packet relied on to enhance appellant's conviction. That packet contains pictures of appellant, both frontal and side views, as well as his complete physical description, to-wit: that he is 5'9", 137 pounds, fair complected, blue eyes, blonde hair with a cut scar on the right wrist and a birth mark under the left breast. This exhibit was admitted into evidence before the jury. Evidence is sufficient to prove that the accused is the same person named in a record of a prior conviction where that record contains photographs and a detailed physical description of a named person and the accused is present in court for the fact finder to compare his appearance with that person described in the record. *Gollin v. State,* 554 S.W.2d 683, 686 (Tex.Cr.App.1977) and cases cited within. In the present case the record of a prior conviction clearly complies with this requirement and is sufficient to prove that appellant was the same person convicted in the prior cause. Since State's Exhibit 13 was sufficient to prove that appellant was the same person convicted in the prior cause, we conclude that the trial court's error, if any, in admitting the fingerprint

identification of the appellant from the jail card not in evidence was harmless. Accordingly, appellant's sixth ground of error is overruled.

Affirmed.

AKIN, Justice, dissenting.

I cannot agree that the remarks made by the prosecutor during voir dire were authorized by the Court of Criminal Appeals in either *Frausto v. State,* 642 S.W.2d 506 (Tex.Cr.App.1982); *Martinez v. State,* 588 S.W.2d 954 (Tex.Cr.App.1979); or *Bevill v. State,* 573 S.W.2d 781 (Tex.Cr.App.1978) (*en banc*). Instead, the remarks made by the prosecutor were error because those statements informed the jury that the accused had been convicted of a felony, which is contrary to the legislative intent behind a bifurcated trial. Thus, I conclude that he was denied a fair trial. Accordingly, I would reverse and remand for a new trial. Consequently, I dissent.

The statements with which we are concerned were made by the State's attorney while qualifying potential jurors on the range of punishment applicable to the offense. The prosecutor told the jury panel that normally the minimum punishment for the offense was five years, but that under "certain circumstances" a minimum punishment of fifteen years was required. The State's attorney then stated: "These circumstances could come about if the jury found that the defendant had been previously convicted of a felony." At this point, appellant objected to any further mention of prior felony conviction but was overruled. Earlier, appellant had filed a motion in limine in which he sought to prevent any mention, either directly or indirectly, of a prior felony conviction, asserting that any such reference would deny him a fair trial. After his objection during trial was overruled, the State's attorney reiterated that the sentence was to be enhanced if a prior conviction was shown, and then qualified the jury on the enhanced sentence.

I agree with appellant that the comments of the State's attorney during voir dire

impaired his right to an impartial jury. It is elementary that a person is to be convicted of a crime solely on the basis of whether the facts showed he committed the offense with which he is presently charged. Reference to prior convictions or illegal conduct are generally not permitted because a jury, being informed of such conduct before it determines guilt, might convict a person not because they believed him guilty of the present charge, but because he had committed another offense or because they thought he was a "bad" person. To avoid this potential for prejudice, Texas adopted its bifurcated criminal trial system with separate hearings on guilt and on punishment. *Miller v. State,* 623 S.W.2d 491, 493 (Tex.App.—Beaumont 1981). The restriction in the Code of Criminal Procedure which prohibits reading of the enhancement paragraphs of the indictment prior to the punishment stage, also seeks to preserve impartiality on the part of the jury. TEX. CODE CRIM.PROC.ANN. art. 36.01, § 1 (Vernon 1966). These legislative safeguards will be frustrated if the prosecution is able to imply, while qualifying the jury panel on the applicable range of punishment, that the defendant had a prior felony conviction. Indeed, the statements made by the prosecutor in this case would cause a reasonable juror to wonder why the prosecutor would mention that the sentence could be enhanced for a prior felony conviction unless the defendant did in fact have such a conviction. Thus, I would hold that the defendant was denied a fair trial.

The majority asserts, however, that certain Court of Criminal Appeals decisions authorize its holding, *i.e., Bevill v. State,* 573 S.W.2d 781 (Tex.Cr.App.1978) (*en banc*), and *Martinez v. State,* 588 S.W.2d 954 (Tex.Cr.App.1979). In my view, these decisions do not support the majority's holding although they do concern informing the jury panel on voir dire of the range of punishment upon enhancement. In *Bevill,* prior convictions were alleged in the indictment for burglary of a building. During voir dire, the trial judge permitted the prosecutor to inform the jury that, if they found one enhancement paragraph true, the

sentence would be 5 to 99 years or life and, if both paragraphs were found true, a life sentence would automatically be imposed. That court reversed the conviction, holding that it was error to inform the jury that a life sentence would be imposed if both paragraphs were found true. The court reasoned that the jury only had to make a factual determination of the truth of the enhancement paragraphs because the judge would impose the enhanced sentence. The jury had no need to know the effect of their answers. That court noted, however, that if one or two enhancement paragraphs were alleged, the jury might find only one enhancement paragraph to be true. Under this circumstance, the jury would impose the enhanced sentence. Thus, the *Bevill* court concluded only that it was proper for both parties to qualify the jury on the full "range" of punishment. *Bevill, supra* at 783.

*Martinez* elaborated on the rule stated in *Bevill* that the jury shall be informed of the range of punishment permitted if one enhancement paragraph is found to be true. Martinez was charged with burglary of a habitation enhanced by one prior conviction. The defendant made a motion seeking to "inform the jury panel of the full range of punishment in the event that the allegations of the indictment are proven." The trial court denied the motion. The Court of Criminal Appeals held that the trial court abused its discretion in overruling the defendant's motion. The court stated that both parties are afforded the right to qualify the jury on the "law applicable to punishment" since any prejudice toward an appropriate punishment may prompt challenge for cause or use or a peremptory strike. The court noted that voir dire is the only opportunity the parties have to examine the potential jurors on the different punishments the jury may impose. That court recognized that the necessity to voir dire the jury panel on the applicable range of punishment was the rationale of *Bevill.* Thus, the State is permitted to explain the range of punishment applicable where one prior felony conviction was alleged in the

indictment, and if the jury found the enhancement paragraph true, it would be required to impose the enhanced sentence. The *Martinez* court saw no conflict between the rule in *Bevill* and article 36.01 of the Texas Code of Criminal Procedure which prohibits reading of the enhancement paragraph of the indictment until the punishment stage of the trial. In that court's words "one can 'inform' generally of applicable punishment without 'reading' the precise allegation for enhancement, and thereby avoid what some have regarded as jeopardizing the presumption of innocence." *Martinez*, 588 S.W.2d at 956. This statement is the touchstone of my dissent.

*Bevill* and *Martinez* illustrate a conflict which may arise between two settled rules of criminal law. The first rule is that it is the prerogative of both parties to examine the juror on the full range of applicable punishments. The second rule is that an individual's past felony record should not be placed before the jury until it becomes relevant during the punishment stage. As noted earlier, Texas' bifurcated criminal trial system and the prohibition of the Code of Criminal Procedure against reading the enhancement paragraphs of the indictment prior to the punishment phase both seek to preserve the second rule. Thus, I read *Bevill* and *Martinez* to adhere to the first rule of fully informing the jury of the applicable range of punishment, without jeopardizing the second rule which seeks to preserve the presumption of innocence.

This result may be accomplished by reading *Bevill* and *Martinez* narrowly. The precise question before the *Bevill* and *Martinez* courts was whether the jury could be qualified on the full range of applicable punishment. The Court of Criminal Appeals answered in the affirmative. However, neither the *Bevill* court nor the *Martinez* court was presented with the question presently before us. That question is whether a prosecutor should be permitted while qualifying the jury on the applicable punishment to imply that a defendant has a prior felony conviction. I do not read *Bevill* and *Martinez* as blanket approval for such conduct. Each opinion simply holds that a party may

*generally* inform the jury of the *range* of applicable punishment during voir dire. Neither case defines how a party should impart this information. In my view, a prosecutor can qualify the jury generally on the full range of punishment without jeopardizing the presumption of innocence. For example, a prosecutor may inform the jury panel that under certain circumstances, the circumstances to be left unspecified, they may be called upon to impose a minimum fifteen rather than a five year sentence. In this way the prosecutor will be assured that the jury has no bias toward the applicable punishment and yet the impartiality of the jury in determining guilt will be preserved.

The majority reads *Bevill* and *Martinez* as blanket approval for the type of statements made in this case. I fear the results of such a broad reading. If the prosecutor can make the type of statements made in this case, the bifurcated trial system becomes a meaningless formality as does the rule that the enhancement portion of the charge may not be read until the punishment stage of the trial. If the situation which occurred in this case is allowed to persist, only chaos will result. First of all, the statements made by the prosecutor in this case are not even a correct statement of the law. Simply because the State shows that the defendant has a prior felony conviction is of no relevance. What the State must do is prove that the enhancement paragraphs are true. Does this mean that, in order to properly state the law and generally inform the jury of the range of applicable punishment, the prosecutor must be allowed to mention that enhancement paragraphs exist? If this is the situation, does not defense counsel have the right to examine the jury on the elements which the State must prove for the enhancement paragraphs to be true? If so, how could such a situation be reconciled with the policy underlying the bifurcated trial system and the rule prohibiting enhancement paragraphs being read to the jury before the punishment phase? Only by limiting *Bevill* and *Martinez* to their narrowest holdings may these problems be avoided and the

legislative policy as to bifurcated trials be preserved.

Neither do I read *Frausto v. State,* 642 S.W.2d 506 (Tex.Cr.App.1982), to authorize the majority's holding in this case; instead, *Frausto* supports this dissent. *Frausto* concerned a situation where the prosecutor informed the jury panel during voir dire that the indictment contained enhancement paragraphs and explicitly informed the jury of the nature of the offenses contained in those paragraphs. The Court of Criminal Appeals reversed on the basis of these comments. The court in *Frausto* emphasizes the dangers inherent in permitting the jury to be informed prior to its determination of guilt that the defendant has a prior felony conviction. The court states that "a prosecutor may inform the jury panel of the range of punishment applicable if the State were to prove a prior conviction for enhancement purposes, but it may not inform the jury of any of the specific allegations contained in the enhancement paragraph of a particular defendant's indictment." *Frausto,* 642 S.W.2d at 509. I would read this language narrowly as I read *Bevill* and *Martinez.* The jury may be informed of the applicable *range* of punishment without implying that the appellant has a previous felony conviction. I reiterate that this may be done by simply informing the jury that under certain circumstances an enhanced sentence may be imposed but leave those circumstances unspecified. The majority reads the quoted language from *Frausto* broadly and as approval for the type of implication created in this case. To follow the majority's approach will endanger the entire purpose of a bifurcated hearing. Accordingly, I must dissent.