NO. 07-02-0452-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 5, 2003



______________________________




LINDA WERLEY, APPELLANT



V.



JIMMY DEAN WERLEY, JR., APPELLEE




_________________________________



FROM THE 46TH DISTRICT COURT OF FOARD COUNTY;



NO. 4304; HONORABLE TOM NEELY, JUDGE



_______________________________



Before JOHNSON, C.J., REAVIS, J., and BOYD, S.J. (1)

MEMORANDUM OPINION


 This appeal arises from a suit filed by appellee Jimmy Dean Werley, Jr. against
appellant Linda Werley. The suit arises from an alleged farming partnership operation
between Jimmy Dean Werley, now deceased, and appellee. In his suit against appellant,
appellee sought a declaratory judgment that the farming partnership he alleged existed
during the crop year 2000, an accounting of the profit or loss of the partnership, an order
directing appellant to turn over to appellee or a court-appointed receiver the assets of the
partnership, and the imposition of a constructive trust upon the assets of the alleged
partnership. 

 On October 21, 2002, after a jury trial on the issue, an interlocutory judgment was
entered finding that a partnership for the crop year 2000 as alleged by appellee existed. 
The judgment contained the express provision that a trial of the remaining matters in the
cause was postponed pending further action by the court. It was from that judgment that
appellant attempted to perfect this appeal.

 Although the jurisdiction of this court to hear this appeal has not been challenged
by the parties, we are obligated to determine sua sponte our jurisdiction to hear the appeal
for jurisdiction is fundamental and cannot be ignored. Welch v. McDougal, 876 S.W.2d
218, 220 (Tex.App.--Amarillo 1994, no pet.) (citing New York Underwriters Ins. Co. v.
Sanchez, 799 S.W.2d 677, 678 (Tex. 1990)). In the absence of a special statute making
an interlocutory order appealable, a judgment must dispose of all issues and parties in the
case to be appealable. New York Underwriters Ins. Co., 799 S.W.2d at 678.

 On June 24, 2003, the parties were advised that this court had no jurisdiction to
consider an interlocutory appeal and it appeared we would have no recourse but to
dismiss the appeal. Neither party has presented any reason why this attempted appeal
should not be dismissed for want of jurisdiction.

 Accordingly, this appeal must be, and is hereby, dismissed for want of jurisdiction.


 John T. Boyd

 Senior Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



nd is the same person currently
being tried. Beck v. State, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986). Yet, there is no
exclusive manner of proving identification. Littles v. State, 726 S.W.2d 26, 32 (Tex. Crim.
App. 1987). Furthermore, permitting the factfinder to compare the visage of appellant
while in court with that appearing in photographs included in the pen packet has been held
sufficient to establish identity. Zimmer v. State, 989 S.W.2d 48, 51-52 (Tex. App.-San
Antonio 1998, pet. ref'd); Williams v. State, 946 S.W.2d 886, 895 (Tex. App.-Waco 1997,
no pet.); Yeager v. State, 737 S.W.2d 948, 951, 52 (Tex. App.-Fort Worth 1987, no pet.);
Felton v. State, 659 S.W.2d 482, 486 (Tex. App.-Dallas 1983, pet. ref'd). 

 Here, Exhibit 10 contained photographs of appellant and a description of him by hair
and eye color, height and weight, complexion, complete name, and date of birth.
Furthermore, the date of birth mentioned in the pen packet coincided with that uttered by
appellant to the fingerprint examiner who testified at trial. Considering all of this evidence
and the fact that appellant was present in the courtroom during the punishment phase, we
cannot say that the trial court abused its discretion in admitting Exhibit 10. That is, the trial
court may well have compared the pictures and description of the individual named in the
pen packet with the appearance and name of appellant at trial and concluded that they
were one and the same, and appellant does not argue that such a comparison would not
have supported any such determination. Further, this would render harmless any error in
the admission of Exhibit 11 given the identification evidence available from Exhibit 10. See
Felton v. State, 659 S.W.2d at 486 (holding error in the admission of a booking card to be
harmless when the pen packet contained photographs and a description which linked
appellant to the prior conviction).

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice

Do not publish.

 
1. To the extent that appellant's argument can also be read as questioning the admission of a prior Lynn
County conviction, we reject it. The record fails to illustrate that the conviction was admitted into evidence at
trial.
2. Also appearing of record is a written waiver of counsel signed by appellant and the trial judge. 
Through it, appellant was informed of his right to counsel and the ramifications of his waiving same. So too
did it state that he understood the potential consequences of waiving the right. Finally, the trial judge certified
in the document that he (the judge) had "personally and in open court discussed with the defendant all of the
. . . disadvantages of self-representation . . ." and that he was satisfied that appellant understood and
knowingly, intelligently, and voluntarily waived them.
3. Exhibit 11 contains several pages of documents purporting to reference the crime mentioned in
Exhibit 10 and identify appellant as the one who committed it.