NO. 07-02-0367-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 2, 2004

______________________________

MARK EDWARD NEWTON, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 364
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-438,693; HON. BRADLEY UNDERWOOD, PRESIDING

_______________________________

Before JOHNSON, C.J., and QUINN and REAVIS, JJ. 

Appellant Mark Edward Newton was convicted of the felony offense of driving while intoxicated (DWI).  He appeals that conviction through two issues.  In the first, he posits that the trial court erred in overruling his objection to the use of a former DWI conviction in Randall County so as to enhance the offense to a felony.  In the second, he alleges that the trial court erred in overruling his objection to the admission of State’s Exhibits 10 and 11.  We affirm the judgment. 

Issue One - Admissibility of Randall County DWI

In his first issue, appellant complains of the trial court’s admission into evidence of his conviction in Randall County for DWI.
(footnote: 1)  The conviction was allegedly inadmissible because he was not represented by counsel at the time, a right he purportedly did not knowingly and intelligently waive.   We overrule the issue.

Recitations appearing in a judgment are presumed valid until rebutted by affirmative evidence.  
Lopez v. State
, 708 S.W.2d 446, 447-48 (Tex. Crim. App. 1986); 
Egger v. State, 
62 S.W.3d 221, 224 (Tex. App.–San Antonio 2001, no pet.) .  This rule also encompasses recitations regarding the waiver of rights.  
Lopez v. State
, 708 S.W.2d at 447-48.  Here, the judgment executed by the Randall County court recites that appellant “knowingly, intelligently, and voluntarily waived the right to representation by counsel.”
(footnote: 2)  We must accept this recitation as true unless affirmatively rebutted by appellant.  
Lopez v. State, supra
; 
Egger v. State, supra
.  Yet, the only evidence proffered at trial in an attempt to negate the recitation was the testimony of appellant.  That alone was and is not sufficient.  
Egger v. State, 
62 S.W.3d at 224; 
see Disheroon v. State
, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985) (stating that “[a]ppellant’s testimony alone fails to meet the burden of showing indigency, lack of counsel and lack of waiver”).  Thus, appellant failed to carry his burden to prove that his waiver of counsel in the Randall County proceeding was involuntary.  
See Disheroon v. State
, 687 S.W.2d at 334 (imposing on the appellant the burden to prove that he was indigent, that he had no counsel, and that his waiver was involuntary).

Issue Two - Authentication of Exhibit

Via his second issue, appellant complains of the admission into evidence of State Exhibits 10 and 11 during the punishment phase of the trial.  They were offered to show that he was an habitual offender.  Furthermore, appellant alleges that the admissibility of Exhibit 10 was dependent on Exhibit 11 and the latter was not properly authenticated.
(footnote: 3)  We overrule the issue.

Through Exhibit 10, the State sought to introduce into evidence a certified pen packet showing that appellant had been convicted of the offense of aggravated rape of a child in 1978.  To render admissible a prior conviction, evidence must be presented illustrating that the subject of the prior conviction was and is the same person currently being tried.  
Beck v. State, 
719 S.W.2d 205, 210 (Tex. Crim. App. 1986).  Yet, there is no exclusive manner of proving identification.  
Littles v. State, 
726 S.W.2d 26, 32 (Tex. Crim. App. 1987).  Furthermore, permitting the factfinder to compare the visage of appellant while in court with that appearing in photographs included in the pen packet has been held sufficient to establish identity.  
Zimmer v. State, 
989 S.W.2d 48, 51-52 (Tex. App.–San Antonio 1998, pet. ref’d); 
Williams v. State, 
946 S.W.2d 886, 895 (Tex. App.–Waco 1997, no pet.); 
Yeager v. State, 
737 S.W.2d 948, 951, 52 (Tex. App.–Fort Worth 1987, no pet.); 
Felton v. State, 
659 S.W.2d 482, 486 (Tex. App.–Dallas 1983, pet. ref’d).
 

Here, Exhibit 10 contained photographs of appellant and a description of him by hair and eye color, height and weight, complexion, complete name, and date of birth. Furthermore, the date of birth mentioned in the pen packet coincided with that uttered by appellant to the fingerprint examiner who testified at trial.  Considering all of this evidence and the fact that appellant was present in the courtroom during the punishment phase, we cannot say that the trial court abused its discretion in admitting Exhibit 10.  That is, the trial court may well have compared the pictures and description of the individual named in the pen packet with the appearance and name of appellant at trial and concluded that they were one and the same, and appellant does not argue that such a comparison would not have supported any such determination.  Further, this would render harmless any error in the admission of Exhibit 11 given the identification evidence available from Exhibit 10.  
See Felton v. State, 
659 S.W.2d at 486 (holding error in the admission of a booking card to be harmless when the pen packet contained photographs and a description which linked appellant to the prior conviction).

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn

    Justice

Do not publish.

FOOTNOTES
1:
To the extent that appellant’s argument can also be read as questioning the admission of a prior Lynn County conviction, we reject it.  The record fails to illustrate that the conviction was admitted into evidence at trial.

2:
Also appearing of record is a written waiver of counsel signed by appellant and the trial judge.  Through it, appellant was informed of his right to counsel and the ramifications of his waiving same.  So too did it state that he understood the potential consequences of waiving the right.  Finally, the trial judge certified in the document that he (the judge) had “personally and in open court discussed with the defendant all of the . . . disadvantages of self-representation . . .” and that he was satisfied that appellant understood and knowingly, intelligently, and voluntarily waived them.

3:
Exhibit 11 contains several pages of documents purporting to reference the crime mentioned in Exhibit 10 and identify appellant as the one who committed it.