**Cleo L. MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 898–83.**

Court of Criminal Appeals of Texas, En Banc.

April 18, 1984.

Pete Gilfeather, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall and Darrell Adkerson, Asst. Dist. At-

tys., Fort Worth, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

Before the court en banc.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

Appeal is from a conviction for rape. After finding appellant guilty, punishment was assessed by the jury at 15 years. The conviction was reversed by the Court of Appeals for the Second Supreme Judicial District in *Moore v. State*, 656 S.W.2d 206 (Tex.App.—Fort Worth 1983). We granted the State's petition for discretionary review in order to examine the Court of Appeals' holding that the trial court abused its discretion in continuing the trial in the absence of the appellant.

Appellant was charged with the rape of a resident of the apartment complex where he was employed as a maintenance man. The record reflects that appellant appeared with counsel in court on February 16, 1982 and after the court ruled on preliminary motions, appellant entered a plea of not guilty. When the jury was selected and sworn, the court recessed until 9:00 o'clock the following morning. Although appellant's counsel told him when and where to appear, appellant, who was on bond, did not appear when court resumed on February 17th. At 10:00 o'clock that morning, the court had the bailiff call appellant's name in the hall and received no response. Appellant's counsel told the court that he had not communicated with appellant since the evening before, and did not know his whereabouts. The court then announced its intention to proceed with the case under Art. 33.03, V.A.C.C.P. Appellant's counsel objected to the court's decision and presented an oral motion for continuance, requesting a twenty-four hour delay in order to try to locate appellant. Appellant's counsel testified in support of the motion that ap-

pellant told him he suffered from heart problems, and that the attorney's employees were calling area hospitals searching for appellant. He stated his employees "had canvassed approximately eighty percent of the hospitals in the area" and had not located appellant. Counsel testified that he did not know whether appellant was in fact ill, and stated that he had no way of contacting appellant because appellant had no telephone and "no fixed place of abode." The court then stated:

"I would most assuredly postpone this case if I could have some good cause shown. It appears at this time I have no evidence before me as to why Mr. Moore is not here. I can assure you that if he had had some form of illness like in the form of a heart attack, we would entertain a Motion for Mistrial or whatever once we start proceeding in this case. We will surely do justice, but right now the Court has nothing before it as to why this case should not continue under Article 33.03."

The court denied the motion for continuance and ruled that the trial should proceed. Appellant remained absent for the rest of the trial and was found guilty by the jury which also assessed punishment at 15 years. Approximately six months after the trial appellant was extradited from Illinois, and was sentenced by the trial court on September 23, 1982.[1]

Art. 33.03, V.A.C.C.P., provides in pertinent part:

"In all prosecutions for felonies, the defendant must be personally present at the trial, ... provided, however, that in all cases, *when the defendant voluntarily absents himself* after pleading to the indictment or information, or after the jury has been selected when the trial is before a jury, *the trial may proceed to its conclusion.*" (Emphasis added.)

The Court of Appeals reversed appellant's conviction, holding that the trial court abused its discretion by proceeding

---

1. The record does not reflect when or why appellant went to Illinois. In an application for bail presented to this Court, appellant stated

that he was not advised of the court date and went to Illinois "due to the death of his granddaughter."

with the trial since there was nothing in the record "to show *at the time the court ruled* that Moore's absence was voluntary." *Moore v. State,* supra, 656 S.W.2d at 208. The Court of Appeals stated that "[t]he fact that Moore was later arrested in Illinois is not relevant because this was not known to the trial court at the time of his ruling." Id. Finally, the Court of Appeals held that even if appellant's absence was voluntary,. "there was no showing that the trial court could not have delayed the trial in an effort to find Moore." Id. at 209.

We reverse the judgment of the Court of Appeals.

■ First, it is apparent that the trial court had some evidence before it to support its conclusion that appellant's absence was voluntary. Appellant had been in court the afternoon before and had been advised by the court and by his attorney when and where to appear. In addition, appellant was out on bond when he disappeared. Finally, neither the court nor appellant's attorney received any communication from appellant or others to explain his absence on the morning of trial. Although appellant's attorney suggested that appellant might have been taken ill with heart problems, he stated that a check with most of the area hospitals had been fruitless. Since the trial court could have reasonably inferred from the information before it that appellant voluntarily absented himself, the court did not abuse its discretion in denying appellant's motion for continuance and proceeding with trial as authorized by Art. 33.03, supra.

■ Furthermore, the Court of Appeals was incorrect in holding that in reviewing the validity of a court's decision to proceed with trial under Art. 33.03, supra, an appellate court can only consider the evidence which was before the trial court at the time it made its ruling, and must ignore evidence which develops subsequent to the ruling, even if such evidence substantiates the trial court's finding that the defendant's absence was voluntary. This reasoning would also preclude a defendant who later appears from offering evidence

in a motion for mistrial or motion for new trial that his absence was in fact involuntary. In most instances, the validity of a trial court's decision that a defendant's absence was voluntary will have to be determined in hindsight. In the instant case, appellant offered no evidence at his motion for new trial to indicate that his absence was anything other than voluntary. Absent any evidence from the defendant to refute the trial court's determination that his absence was voluntary, we will not disturb the trial court's finding. Accord, *United States v. Marotta,* 518 F.2d 681 (9th Cir.1975); *State v. Cotton,* 621 S.W.2d 296 (Mo.App.1981).

■ Finally, we decline to adopt, as the Court of Appeals did in its opinion, the reasoning in *United States v. Benavides,* 596 F.2d 137 (5th Cir.1979), which holds that even if a defendant's absence is voluntary, a court may not proceed with trial unless it first considers a "complex" of issues which include the likelihood that the trial can soon take place with the defendant present; the difficulty of rescheduling the trial; the burden on the Government in having to undertake two trials; and the inconvenience to the jurors. Such analysis is not required under Art. 33.03, supra, although the trial court, in its discretion, may take such matters and others under consideration in deciding whether or not to proceed.

The judgment of the Court of Appeals is reversed and the cause is remanded for consideration of appellant's other grounds of error.

TEAGUE, J., concurs.

CLINTON, Judge, concurring.

I agree that reversible error did not occur under the facts presented in this case and therefore concur in the judgment of the Court.

However, I cannot agree that the trial court had any affirmative evidence before it which would indicate appellant's voluntary absence as opposed to his having suf-

fered a sudden medical emergency or other calamity.[1] None of the circumstances cited by the majority opinion as evidence supporting the former, is inconsistent with the latter.

Rather than supply evidence, I would hold that as a matter of public policy, the trial judge's ruling under the circumstances was justified: defense counsel testified that he had directed an unsuccessful search for appellant in the area hospitals; this seemed to significantly reduce the likelihood that appellant had been victimized by his heart condition since the preceding day when he appeared in court. Interests of both the State and the court in the speedy and orderly administration of justice justified the trial court's refusal to continue the case under these circumstances.[2]

I agree with the majority that pertinent evidence developed after the trial court's pretrial ruling should not be ignored in determining whether a new trial is required. But I wish to clarify and emphasize what the majority merely alludes to: if appellant *had* reappeared during or after trial and produced evidence on motion for mistrial or new trial to show his absence had not been voluntary, a new trial would have been mandated. See Article 40.03(1), V.A.C.C.P.

Because he was unable to do so (and, in fact, the evidence revealed he had absconded), I concur in the judgment of the Court.

---

1. The trial judge himself observed: "I have no evidence before me as to why Mr. Moore is not here."

2. See *Fry v. State,* 78 Tex.Cr.R. 435, 182 S.W. 331, 334 (1916).