NUMBER
13-01-00743-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

SABINA VASQUEZ MATA,                                                   Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

 

      On appeal from the
24th District Court of Victoria County, Texas.

 

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                 Opinion by
Justice Hinojosa

 








A jury found appellant,
Sabina Vasquez Mata, guilty of the offense of forgery,[1]
and the trial court assessed her punishment at two years confinement in a state
jail facility, $1,000.00 fine, and $46.00 in restitution.  By a single point of error, appellant
contends the trial court erred: (1) in determining she had voluntarily absented
herself from the trial; and (2) by proceeding with the guilt/innocence phase of
the trial despite her absence.  Appellant
asserts her absence was involuntary, because she was admitted to a hospital the
night before the trial.  We affirm.

A.  Background

On Monday, September 10,
2001, appellant was present for jury selection. 
The jury was selected and sworn. 
The trial court then informed all present:

As I told you this
morning, we=re gonna recess the
trial until nine o=clock tomorrow morning,
and at that time, we will begin with the presentation of the indictment and
opening statements from the attorneys, and then we will begin with the
evidence.

 

The court released the
jury and recessed the trial.  Appellant
was free on bond.

At 9:00 a.m. on
September 11, appellant did not appear for trial, and her counsel informed the
trial court that he was unaware of her whereabouts.  Appellant made no attempt to contact the
trial court or her counsel.  At
approximately 10:00 a.m., the trial court made a finding that appellant had Avoluntarily absented
herself from the trial.@  Defense counsel requested a continuance and
objected to the court=s proceeding with the
trial in his client=s absence.  The motion for continuance was denied, and the
trial continued without appellant.

At approximately 11:10
a.m., outside the presence of the jury, the trial court granted the State=s motion to forfeit
appellant=s bond and request that
a capias be issued for her arrest.  After
lunch, the trial court was informed by a bailiff that appellant had gone to the
emergency room of a local hospital at approximately 10:00 p.m. on September 10,
complaining of hyperventilation, and had been released at 1:25 a.m. on
September 11.  The jury subsequently
returned a guilty verdict.








Appellant was later
arrested.  The trial court held a
punishment hearing on October 11, 2001, with appellant in custody and
present.  

B.  Analysis


Article 33.03 of the
code of criminal procedure provides, in relevant part:

Art. 33.03.  Presence of defendant

 

In all prosecutions for
felonies, the defendant must be personally present at the trial, . . . ;
provided, however, that in all cases, when the defendant voluntarily absents
himself after pleading to the indictment . . . , or after the jury has been
selected when trial is before a jury, the trial may proceed to its conclusion.

 

Tex.
Code Crim. Proc. Ann. art. 33.03 (Vernon 1989).  In
most instances the appellate court will have to determine, from hindsight, the
validity of the trial court=s determination that the
defendant=s absence was
voluntary.  Moore v. State, 670
S.W.2d 259, 261 (Tex. Crim. App. 1984). 
In reviewing the validity of this determination, an appellate court is
not limited to the evidence available to the trial court at the time of the
determination, but may consider later evidence that demonstrates the involuntary
nature of the absence.  Id.  However, without such evidence, an appellate
court should not disturb the trial court=s finding.  Id.  








Appellant was present in
court on Monday, September 10, 2001, when the jury was empaneled and
sworn.  She was free on bond and aware
that she was due in court at 9:00 a.m. on Tuesday, September 11.  Appellant did not contact her lawyer.  The trial court made numerous efforts to
locate appellant, all of which were unsuccessful.  After checking with area hospitals and
learning that appellant was not in a hospital, the probability that appellant
was involuntarily absent was diminished. 
See id.  We conclude the
trial court had enough information before it to reasonably infer that appellant
voluntarily absented herself from the trial. 
See id. (trial court did not abuse its discretion in finding
voluntary absence because it had sufficient information to reasonably infer so
when defendant was free on bond, had been advised by court and his attorney to
be present, had not contacted court or his attorney, and a check of most of
area hospitals had been fruitless).  We
hold the trial court did not abuse its discretion in finding that appellant had
voluntarily absented herself from the trial, in light of the information with
which it was presented at the time.

We also review evidence
subsequent to the determination.  Id.  Appellant contends the evidence that she had
been admitted to the hospital on the evening of September 10, demonstrates the
involuntary nature of her absence. 
However, the record also shows that appellant was released from the
hospital at 1:25 a.m. on September 11, and did not appear for her trial at 9:00
a.m.  We find no evidence in the record
that appellant=s medical condition,
subsequent to her release, prevented her from attending the trial.  In the absence of such evidence and of an
abuse of discretion at the time of the determination,  we will not disturb the trial court=s finding.  Appellant=s sole point of error is overruled.

The judgment of the
trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

1st day of August, 2002. 











[1]See Tex.  Pen. 
Code Ann. ' 32.21 (Vernon Supp.  2002).