POLK V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-038-CR

DEMETRIUS POLK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Demetrius Polk appeals from his conviction for violating a protective order.  In two points on appeal, appellant challenges the validity of the protective order and asserts that the trial court abused its discretion by continuing the trial in appellant’s absence.  We affirm.

In his first point, appellant argues that the trial court erred by denying his motion to dismiss on the ground that the protective order is invalid because it describes the property appellant is prohibited from going near as the victim’s residence, but not by a street address, 
and does not state in the body of the order that the residence is in Denton County.  
See
 
Tex. Fam. Code Ann. §
§ 85.007, 85.022 (Vernon 2002)
.  
Appellant cannot collaterally attack the protective order after he has violated it.  
Poteet v. State, 
957 S.W.2d 165, 167 (Tex. App.—Fort Worth 1997, no pet.).  Accordingly, we overrule point one.

In his second point, appellant claims the trial court abused its discretion by continuing the trial in appellant’s absence.  The code of criminal procedure allows a jury trial to continue in a defendant’s absence if he was present when the jury was selected and later “voluntarily absents himself.”  
Tex. Code Crim. 
Proc. Ann
. art. 33.03 (Vernon 1989).
  

Appellant was present on the first day of trial when the jury was selected and sworn and appellant entered his plea of not guilty.  At the conclusion of the first day, the trial court instructed the jurors and counsel, in appellant’s presence, to return at 8:30 a.m. the next day.  By 9:05 a.m. the next morning, appellant had not arrived in court.  The bailiff testified that he called appellant’s name three times in the halls, but there was no response.  Appellant’s attorney informed the court that appellant was driving from Corsicana and that he was having transportation problems.  She confirmed that she told him he needed to be in court at 8:30 a.m.  The trial court denied her request for a recess so she could go to her office to check for messages from appellant.  The trial court observed that the jury had been sworn, jeopardy had attached, and appellant had been ordered to be in the courtroom by 8:30 a.m.  The trial court resumed the trial in appellant’s absence. 

At some point, appellant entered the courtroom.  After the State rested its case, appellant testified outside of the jury’s presence that he was late because two familiar-looking cars started following him in Ennis, boxed him in, and ran him off the road, ostensibly to prevent him from telling the truth about what really happened in this case.  Appellant testified that his car had been rendered inoperable, a man helped him out of the ditch, and a woman from the Texaco station at 7014 Stemmons called her mechanic boyfriend who changed appellant’s tire.  Appellant also testified that he called his attorney from the Texaco station and left her a message, he called and left two messages with the trial court’s attendant, and his father also called the attorney’s office.  Before making its ruling, the trial court observed that appellant stated he had been run off the road in Ennis, but he had been at a Texaco station on Stemmons in Dallas.  The court also noted that it had checked for messages from appellant up until the trial started at 9:10 a.m., and there were none.

In reviewing the validity of the trial court’s decision to proceed with trial in the defendant’s absence, the appellate court is not restricted to considering evidence that was before the trial court at the time it made its ruling, nor must it ignore evidence that developed subsequent to the ruling.  
Moore v. State, 
670 S.W.2d 259, 261 (Tex. Crim. App. 1984).  The trial court’s determination that a defendant is voluntarily absent is reviewed under the abuse of discretion standard.  
See id.
  Based on the evidence before us, we hold that the trial court did not abuse its discretion by continuing the trial in appellant’s absence.  Thus, we overrule point two.

Having overruled both of appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, DAY, and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  May 22, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.