COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-038-CR
 
DEMETRIUS POLK
                                                              
APPELLANT
V.
THE STATE OF TEXAS
                                                       
   STATE
------------
FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY
------------
MEMORANDUM OPINION(1)
------------
  
     Appellant Demetrius Polk appeals from his conviction
for violating a protective order. In two points on appeal, appellant challenges
the validity of the protective order and asserts that the trial court abused its
discretion by continuing the trial in appellant's absence. We affirm.
  
     In his first point, appellant argues that the trial
court erred by denying his motion to dismiss on the ground that the protective
order is invalid because it describes the property appellant is prohibited from
going near as the victim's residence, but not by a street address, and does not
state in the body of the order that the residence is in Denton County. See
Tex. Fam. Code Ann. §§ 85.007, 85.022 (Vernon 2002). Appellant cannot
collaterally attack the protective order after he has violated it. Poteet v.
State, 957 S.W.2d 165, 167 (Tex. App.--Fort Worth 1997, no pet.).
Accordingly, we overrule point one.
  
     In his second point, appellant claims the trial court
abused its discretion by continuing the trial in appellant's absence. The code
of criminal procedure allows a jury trial to continue in a defendant's absence
if he was present when the jury was selected and later "voluntarily absents
himself." Tex. Code Crim. Proc. Ann. art. 33.03 (Vernon 1989).
  
     Appellant was present on the first day of trial when
the jury was selected and sworn and appellant entered his plea of not guilty. At
the conclusion of the first day, the trial court instructed the jurors and
counsel, in appellant's presence, to return at 8:30 a.m. the next day. By 9:05
a.m. the next morning, appellant had not arrived in court. The bailiff testified
that he called appellant's name three times in the halls, but there was no
response. Appellant's attorney informed the court that appellant was driving
from Corsicana and that he was having transportation problems. She confirmed
that she told him he needed to be in court at 8:30 a.m. The trial court denied
her request for a recess so she could go to her office to check for messages
from appellant. The trial court observed that the jury had been sworn, jeopardy
had attached, and appellant had been ordered to be in the courtroom by 8:30 a.m.
The trial court resumed the trial in appellant's absence.
  
     At some point, appellant entered the courtroom. After
the State rested its case, appellant testified outside of the jury's presence
that he was late because two familiar-looking cars started following him in
Ennis, boxed him in, and ran him off the road, ostensibly to prevent him from
telling the truth about what really happened in this case. Appellant testified
that his car had been rendered inoperable, a man helped him out of the ditch,
and a woman from the Texaco station at 7014 Stemmons called her mechanic
boyfriend who changed appellant's tire. Appellant also testified that he called
his attorney from the Texaco station and left her a message, he called and left
two messages with the trial court's attendant, and his father also called the
attorney's office. Before making its ruling, the trial court observed that
appellant stated he had been run off the road in Ennis, but he had been at a
Texaco station on Stemmons in Dallas. The court also noted that it had checked
for messages from appellant up until the trial started at 9:10 a.m., and there
were none.
  
     In reviewing the validity of the trial court's decision
to proceed with trial in the defendant's absence, the appellate court is not
restricted to considering evidence that was before the trial court at the time
it made its ruling, nor must it ignore evidence that developed subsequent to the
ruling. Moore v. State, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984). The
trial court's determination that a defendant is voluntarily absent is reviewed
under the abuse of discretion standard. See id. Based on the evidence
before us, we hold that the trial court did not abuse its discretion by
continuing the trial in appellant's absence. Thus, we overrule point two.
       
Having overruled both of appellant's points, we affirm the trial court's
judgment.

                                                                      
PER CURIAM
 
PANEL F: GARDNER, DAY, and LIVINGSTON, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 22, 2003

1.  See Tex. R. App. P. 47.4.