COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

DONALD HOUSTON HODGES,                     No. 08-09-00112-CR

§

Appellant,                     Appeal from

§

v.                     County Court at Law No. 12

§

THE STATE OF TEXAS,                     of Bexar County, Texas

§

Appellee.                     (TC # 989339)

§

## O P I N I O N

Donald Houston Hodges appeals his conviction of assault causing bodily injury. After a jury found Appellant guilty, the trial court assessed his punishment at a fine of $700 and confinement for one year, but the court suspended the sentence and placed Appellant on community supervision for two years. We affirm.

### FACTUAL SUMMARY

In the early evening hours of November 16, 2006, Barbara Miller was walking home from Walgreen's. Another neighbor, Wendy Arnold, drove up and Miller stopped to visit with her. Arnold drove away and Miller walked by Appellant's home on the grass about two to three feet from the curb because there was no sidewalk. When she saw Appellant staring at her from his driveway, she greeted him. Appellant told Miller that she was trespassing. He then ran over to her, grabbed her by the throat, and picked her up off of the ground. Miller could not breathe and she feared Appellant was going to kill her. Appellant put her down but maintained his grip on her throat while continuing to tell her that she was trespassing. He then took Miller over to his driveway and slammed her face into his car. After she regained her balance and attempted to stand up, Appellant

slammed her face-first into the ground. When Miller got up, she told Appellant she was going to call the police. She then ran into her home and told her nephew, Daniel Having, to call 911. San Antonio Police Officer Richard Sanchez arrived and found Miller bleeding from the face. After speaking with Miller and other witnesses, Sanchez arrested Appellant.

## CHALLENGE TO THE TRANSFER ORDER

In Points of Error Two through Five, Appellant contends we lack jurisdiction of the appeal because the order issued by the Texas Supreme Court transferring the appeal from the San Antonio Court of Appeals to the Eighth Court of Appeals is void. More specifically, he argues in Point of Error Two that Section 73.001[1] of the Texas Government Code violates the Equal Protection Clause of the United States Constitution because it does not give proper effect to the Texas voters who elect the justices of the intermediate appellate courts. In Point of Error Three, he claims the transfer order is void because Section 73.001 conflicts with the provisions of the Texas Constitution giving the Court of Criminal Appeals exclusive authority to determine criminal law matters. In Point of Error Four, Appellant maintains that we lack jurisdiction because the transfer order violates the Equal Protection and Due Course of Law provisions in the Texas Constitution. Finally, Appellant challenges our jurisdiction on the ground that Section 73.001 violates the separation of powers provision found in Article 2, Section 1 of the Texas Constitution. Appellant requests that we transfer the case back to the Fourth Court of Appeals. The State responds that Appellant failed to preserve error by following the procedure established by the Texas Supreme Court in *Miles v. Ford Motor Company*, 914 S.W.2d 135, 137 (Tex.1995).

The Supreme Court transferred several appeals, including the instant appeal, to this court

---

[1] The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer. TEX.GOV'T CODE ANN. § 73.001 (Vernon 2005).

pursuant to Section 73.001 of the Texas Government Code. MISC. DOCKET ORDER 09-9049 (Tex. March 31, 2009). In *Arocha v. State*, a defendant raised the same issues regarding the transfer order. *Arocha v. State*, No. 08-07-00108-CR, 2009 WL 1883733 (Tex.App.--El Paso June 30, 2009, pet. granted). We held that the defendant was required to preserve those arguments by following the procedure outlined by the Texas Supreme Court in *Miles*. *Id.* at \*5. According to *Miles*, the proper procedure for obtaining a transfer is by motion:

> The party requesting a transfer should file a copy of the motion to transfer in each of the two courts of appeals, asking that, when the motion is forwarded to the Supreme Court, each court of appeals advise the Supreme Court in writing whether it has any objection to the proposed transfer. Any briefs in favor of the proposed transfer should also be filed in each court of appeals and forwarded with the transfer motion. We will then have the motion, the briefs, and the comments of the two courts of appeals in determining whether to grant the motion to transfer.

*Miles*, 914 S.W.2d at 137 n.2.

Prior to the issuance of our decision in *Arocha*, Appellant filed with the Supreme Court a "Special Appearance and Objection to Case Transfer of Case from Courts of Appeals." We received a courtesy copy on May 4, 2009. The Supreme Court denied the objection on June 17, 2009. MISC. DOCKET ORDER 09-9098 (Tex. June 17, 2009). The special appearance and objection filed with the Supreme Court does not comply with the procedures set forth in *Miles* because Appellant did not file a motion to transfer in this court and, to our knowledge, he did not file a motion to transfer in the Fourth Court of Appeals. The Supreme Court could have denied Appellant's objection because he failed to follow the specified procedure. For that reason alone, we believe Appellant has not preserved the complaints presented in Points of Error Two through Five. Additionally, we note that the objection filed with the Supreme Court is limited to arguing that the transfer order is void because the Court of Criminal Appeals has exclusive authority to determine criminal law matters. That objection would not preserve the complaints raised in Points of Error Two, Four, and Five. *See*

*Pena v. State*, 285 S.W.3d 459, 464 (Tex.Crim.App. 2009)(requiring the substance of the objection at trial to comport with that on appeal; otherwise the matter is waived).

Assuming Appellant's objection preserved the argument raised in Point of Error Three, we find it is without merit. Appellant argues that we lack jurisdiction of the appeal because Section 73.001 conflicts with the provisions of the Texas Constitution giving the Court of Criminal Appeals exclusive authority to determine criminal law matters. Our jurisdiction is defined by the Texas Constitution and by statute. *See* TEX.CONST. art. V, § 1 (courts in which judicial power is vested), TEX.CONST. art. V, § 6 (courts of appeals); TEX.GOV'T CODE ANN. § 21.001 (Vernon 2004)(inherent power and duty of courts), TEX.GOV'T CODE ANN. § 22.220 (civil jurisdiction), TEX.GOV'T CODE ANN. § 22.201 (Vernon Supp. 2009)(courts of appeals districts), TEX.GOV'T CODE ANN. § 22.221 (writ power), TEX.GOV'T CODE ANN. §§ 73.001-73.002 (Vernon 2005)(transfer of courts of appeals' cases); TEX.CODE CRIM.PROC.ANN. art. 4.01 (Vernon 2005)(providing that courts of appeals have jurisdiction in criminal actions); TEX.CODE CRIM.PROC.ANN. art. 4.03 (providing that "[t]he Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed."). Article V, Section 6 of the Texas Constitution expressly provides that the court of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX.CONST. art. V, § 6. Section 73.002 of the Government Code provides that the court of appeals to which a case is transferred has jurisdiction of the case without regard to the district in which the case originally was tried and to which it is returnable on appeal. TEX.GOV'T CODE ANN. § 73.002(a)(Vernon 2005). Even if we determined that Section 73.001 conflicts with the constitutional provisions granting the Court of Criminal Appeals' exclusive jurisdiction over criminal law matters, we would not lack jurisdiction of the appeal because it has been provided for by statute. *See Arocha*, 2009 WL 1883733 at *5; *see*

*also Simmons v. State*, No. 07-07-0282-CR, 2009 WL 2341921 (Tex.App.--Amarillo July 30, 2009, pet. ref'd)(rejecting arguments that transfer of appeal violated the Texas Constitution). Points of Error Two through Five are overruled.

**CONTINUANCE**

In Point of Error One, Appellant argues that the trial court abused its discretion by denying his motion for continuance and continuing the trial in Appellant's absence. A trial court's ruling on a motion for continuance is reviewed for an abuse of discretion. *Vasquez v. State*, 67 S.W.3d 229, 240 (Tex.Crim.App. 2002); *Wright v. State*, 28 S.W.3d 526, 532 (Tex.Crim.App. 2000). To establish an abuse of discretion, an appellant must show that the denial of his motion resulted in actual prejudice. *Id.* Article 33.03 provides that in a misdemeanor case where the punishment is imprisonment in jail, the defendant must be personally present at trial; but if he voluntarily absents himself after pleading to the information or indictment, the trial may proceed to its conclusion. TEX.CODE CRIM.PROC.ANN. art. 33.03 (Vernon 2006). We review a trial court's determination that a defendant has voluntarily absented himself from trial under the abuse of discretion standard. *Moore v. State*, 670 S.W.2d 259, 261 (Tex.Crim.App. 1984). Generally, the trial court abuses its discretion if its decision or action is arbitrary, unreasonable, and made without reference to any guiding rules or principles. *Pena v. State*, 155 S.W.3d 238, 243-44 (Tex.App.--El Paso 2004, no pet.), *citing Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991). In the context of an asserted violation of Article 33.03, we will not disturb the trial court's ruling if there is no evidence to refute the trial court's determination that a defendant's absence is voluntary. *Moore*, 670 S.W.2d at 261.

The guilt-innocence phase of the jury trial began on November 17, 2008 and continued through November 20, 2008. Appellant was present for the first two days of trial but he did not

appear on the third day, November 19. At this point, the State had rested and the defense had begun presenting evidence. Defense counsel informed the court that he had spoken on the telephone to Appellant's ex-wife, Arlene Hodges, and she had reportedly taken him to University Hospital. Ms. Hodges had testified the previous day that Appellant had been ill for the previous year with Hepatitis C and has liver damage. She related that Appellant had been taking something "like chemo" and he had internal bleeding on one occasion four months earlier.

When the trial judge asked defense counsel to present evidence establishing the nature of Appellant's medical condition, counsel referred to Ms. Hodges' testimony. Counsel also stated he had a letter from Appellant's doctor but he did not believe he could show it to the trial court because of "HIPAA laws." The trial court briefly recessed to allow defense counsel to obtain more information. After the recess, counsel informed the court that he had spoken with Appellant. Appellant did not intend to testify and he had not yet been seen by a doctor but was at University Hospital. The trial court concluded, based on the information available at that point, that Appellant had voluntarily absented himself and the case would proceed without him. Defense counsel then asked for a continuance on the ground that it was a medical emergency. The trial court granted the motion and continued the case until the following morning. The following day, November 20, defense counsel announced they were not ready to proceed because Appellant was still hospitalized at University Medical Center. The trial court then stated the following:

> Okay. We discussed this yesterday and we reached an agreement after great length, after an hour and a half of trying to determine what the true circumstances were. And your client indicated to you, at least you represented to me as an officer of the Court that if his medical situation was such that he could not attend today he would permit you to proceed without him. Are you ready to proceed, Mr. Richardson?

Defense counsel stated he was not ready to proceed without Appellant present and the trial court stated:

And you also told this Court that if I would continue it until this morning, which I did, I granted your continuance yesterday when I had a jury waiting.

*   *   *

You said that we could proceed this morning, there would be no problem to proceed without your client at 8:30.

Defense counsel then presented the court with a motion for continuance. Attached to the motion is a letter signed by "L. Das, MD" stating that Appellant was seen at the "ExpressMed" on November 19, 2008 and he would be under medical care in the hospital until November 21, 2008. The trial court denied the motion based on Appellant's representation the previous day that the trial could proceed in his absence in the event he could not be present on November 20. The defense rested, both sides closed, and final argument proceeded in Appellant's absence. Appellant was present at the punishment phase of trial on December 12, 2008. Defense counsel moved for a mistrial on the ground that the court had determined Appellant's absence to be voluntary, but he did not present any evidence in support of that motion.

Pointing to the evidence showing he has a chronic illness and was hospitalized, Appellant maintains that the record contains evidence refuting the trial court's determination that his absence was voluntary. There is no evidence, however, that Appellant was in the hospital as a result of, or for treatment of, his chronic illness. The trial court asked defense counsel more than once to present evidence showing the nature of Appellant's illness and the reason for his hospitalization, but counsel failed to do so. Implicit in Appellant's argument is the notion that evidence of hospitalization is always sufficient to establish the absence is involuntary, but case law does not support this assumption. *See e.g., Bottom v. State*, 860 S.W.2d 266, 267 (Tex.App.--Fort Worth 1993, no pet.)(continuing trial in the absence of defendant, who was in the hospital because he had attempted suicide or some harm to himself, was not an abuse of discretion; defendant was present when jury

was selected and his absence was voluntary to the extent that he chose to ingest large quantities of aspirin and arthritis medication); *see also Maines v. State*, 170 S.W.3d 149, 150 (Tex.App.--Eastland 2005, no pet.)(determining that defendant voluntarily absented himself from trial when he chose to overdose on prescription drugs); *Heard v. State*, 887 S.W.2d 94, 98-99 (Tex.App.--Texarkana 1994, pet. ref'd)(holding absence voluntary when caused by self-induced intoxicated condition). In the absence of some evidence that Appellant's absence was involuntary, we are unable to find that the trial court abused its discretion.

Even if the trial court abused its discretion by continuing the trial in Appellant's absence, we would not reverse for a violation of Article 33.03 unless we determine that the error affected a substantial right. TEX.R.APP.P. 44.2(b); *Tracy v. State*, 14 S.W.3d 820, 827 (Tex.App.--Dallas 2000, pet. ref'd)(finding violation of Article 33.03 to be statutory error and applying Rule 44.2(b)). A substantial right is affected when the error (1) had a "substantial and injurious" effect or influence in determining the jury's verdict or (2) leaves one in grave doubt concerning whether it had such an effect. *Tracy*, 14 S.W.3d at 827. A substantial right is not affected and the error is harmless if, after reviewing the entire record, we determine the error did not influence, or had only a slight influence, on the trial's outcome. *Id*. Appellant's brief does not address the harm analysis, but the State argues any error is harmless under Rule 44.2(b).

Appellant was present for trial from its commencement, voir dire, the State's case-in-chief, and defense's presentation of evidence, and the punishment phase. He was absent only for final argument and announcement of the jury's verdict at the conclusion of the guilt-innocence phase of trial. During the discussion about Appellant's absence, his attorney informed the court that Appellant did not wish to testify. There is no evidence in the record that, as a result of his absence, Appellant was unable to assist counsel. Consequently, we find that any error which might have

resulted from proceeding with final argument in Appellant's absence is harmless under Rule 44.2(b). *See Tracy*, 14 S.W.3d at 827. We overrule Appellant's first point of error and affirm the judgment of the trial court.

August 18, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)