# NO. 12-12-00152-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOY LYNN EVERETT,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Joy Lynn Everett appeals her conviction for possession of a controlled substance.   In two issues, Appellant argues that the evidence is insufficient to support the conviction and the trial court erred when it continued the trial in her absence.   We affirm.

## BACKGROUND

The Golden Belle Bingo establishment in Gun Barrel City, Texas, is open twenty-four hours a day.   It consists of several rooms including a large hall for bingo and another room with as many as 115 video slot machine style games available for patrons.   A Golden Belle Bingo employee named Amy began her shift at 6 a.m. on September 13, 2010.   She observed Appellant sleeping in the slot machine room.   She described Appellant as "acting vulgar" and said that she had her "hand down her pants" and was "scratching her head."   She told Appellant four times to wake up.   When Appellant failed to rouse herself, Amy called for the police.

A police officer arrived a few minutes later.   He was familiar with the facility and found Appellant awake and in an area where drink and coffee machines were available to patrons.   It was the officer's opinion, based on his observation of Appellant, that she was intoxicated.

Specifically, he observed that she was moving fitfully and seemed disoriented. He characterized her movements and demeanor as consistent with "tweaking," which he later described as a state common to those who have recently used certain kinds of stimulants.

The officer asked Appellant if he could look in her purse. She allowed him to do so, taking items out herself. She took out two cigarette cases and set them aside. The officer noticed that she had two "torch lighters," which he explained were used for smoking narcotics in a pipe, cigar, or "blunt." The officer asked if he could see the cigarette cases, and Appellant handed them to him. Both cases contained cigarettes, but the maroon case also contained a glass pipe, empty; small plastic baggies; a substance that was later determined to be almost fifteen grams of methamphetamines; and a small digital scale.

A Henderson County grand jury indicted Appellant for the felony offense of possession of a controlled substance in an amount of between four and two hundred grams. Appellant pleaded not guilty at her trial, but the jury found her guilty as charged. Following a sentencing hearing, the trial court assessed punishment of imprisonment for eight years. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In her first issue, Appellant argues that the evidence is insufficient to prove that she possessed methamphetamine as alleged in the indictment.

### Standard of Review and Applicable Law

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See* **Jackson v. Virginia**, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *see also* **Brooks v. State**, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (plurality opinion). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See* **Jackson**, 443 U.S. at 319, 99 S. Ct. at 2789; *see also* **Rollerson v. State**, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007). Under this standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See* **Brooks**, 323 S.W.3d at 899; **Dewberry v. State**, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution

2

is not rational in light of the burden of proof. *See Brooks*, 323 S.W.3d at 899–900. The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

To sustain its burden of proof, the State's evidence had to show that Appellant knowingly or intentionally possessed a controlled substance listed in Penalty Group 1 in an amount of more than four grams but less than two hundred grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (West 2010). Methamphetamine is listed in Penalty Group 1. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (West 2010).

## Analysis

Appellant argues that the methamphetamine was "located on or beside an open purse in the coffee room bar of the bingo hall" and that no evidence showed she was linked to the methamphetamine. Appellant also points out that a witness she called testified that he saw Appellant pick up a cigarette package from the floor in the bingo hall.

Appellant's first assertion is a misleading summary of the record. A photograph of the methamphetamine shows it next to Appellant's purse. But that photograph was taken to document the officer's investigation, and the methamphetamine was not found next to Appellant's purse. The officer found the methamphetamine inside a cigarette case that Appellant had in her purse. The officer found baggies and the digital scale inside the same case.

Appellant's witness did state that he saw her pick up a cigarette package from the floor. However, he was specific in stating that it was a retail pack of cigarettes that he saw her pick up, not the larger cigarette case that contained the methamphetamine.

To prove possession of a controlled substance, the state must show that the accused exercised control, management, or care over the substance and that the accused knew the

3

substance was contraband.  *See Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006).  The evidence must establish "to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous."  *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005) (quoting *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)).  In addition, a person's mere presence at the location where drugs are found is thus insufficient, by itself, to establish actual care, custody, or control of those drugs.  *See Evans*, 202 S.W.3d at 162.  Therefore, when the accused is not in exclusive possession of the place where the substance is found, it is generally necessary for the state to show additional independent facts and circumstances that link the accused to the contraband in order to conclude that the accused had knowledge of and control over the contraband.  *Poindexter*, 153 S.W.3d at 406.  An analysis of the links is not an independent test of legal sufficiency but is a method to comprehend a large variety of circumstantial evidence that may establish the knowing "possession" or "control, management, or care" of the contraband.  *See Evans*, 202 S.W.3d at 161–62 n.9.

When evaluating links between the accused and contraband, courts will look to the location of the contraband and its proximity to the accused, whether the accused made furtive movements or manifested other consciousness of guilt, whether paraphernalia was found on the person, and whether the physical condition of the accused indicated recent consumption of the contraband in question.  *See Willis v. State*, 192 S.W.3d 585, 593 (Tex. App.–Tyler 2006, pet. ref'd).  The links analysis is most often used when controlled substances are found in a location that does not immediately suggest ownership.  For example, one factor has to do with whether an ancillary tool, paraphernalia, is found on the person of the suspected person.  Another has to do with whether the contraband was found close to the suspected person.  Here, the controlled substances themselves were found in a very personal and private place, in Appellant's purse.

However, there was more evidence than just the fact that the drugs were in Appellant's purse to support the jury's conclusion that Appellant's possession of the methamphetamine was knowing or intentional.  Appellant attempted to distance herself from the drugs when she took the cigarette case out of her purse.  Also, based on her appearance, the arresting officer concluded that she had used methamphetamine or a similar stimulant in the recent past.  Finally, she had a reasonably large amount of money, more than a hundred dollars, on her person in small bills and a digital scale and baggies of the type that are commonly used for the retail sale of the drugs.

Because the methamphetamines were found on her person, and because there was evidence to support the conclusion that Appellant's possession was knowing, a rational jury could have discounted Appellant's suggestion that her possession was inadvertent and concluded that her possession of the controlled substances was knowing or intentional. We overrule Appellant's first issue.

**APPELLANT'S PRESENCE AT TRIAL**

In her second issue, Appellant argues that it was error to continue the trial after she left the courtroom.

**Applicable Law**

Generally, a defendant must be present at trial. *See* TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2006). However, in the trial of a felony, the trial court can continue the trial after the entry of a plea or after the selection of a jury if the defendant voluntarily absents herself from the courtroom. *Id*.

Although the trial court must make a decision as to whether an absence was voluntary or not, the court of criminal appeals has noted that appellate review of that decision is essentially a review, in hindsight, of the validity of the trial court's determination that the defendant's absence was voluntary. *See Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984). As such, the court has held that an appellate court will not disturb the trial court's finding of voluntary absence unless the defendant provides evidence to refute the trial court's determination. *Id*.

**Analysis**

In this case, the trial court did not err in finding that Appellant's absence was voluntary. Appellant was present for the first day of trial. She did not appear on the second day of trial. The court was informed that she was at a medical facility in Henderson County. The trial court remarked that "it seems like [Appellant] has to go to the emergency room every time we have a setting." Appellant's counsel said only that "[i]t has happened quite a few times."

The court delayed the trial, forfeited Appellant's bond, and sent a deputy sheriff to monitor the situation at the medical facility. Appellant was released without receiving treatment and returned to the courtroom. Once in the courtroom, Appellant appeared to be crying and complaining. The trial court judge indicated that he did not "require her to stay in the courtroom."

5

Appellant's counsel asked her if she "want[ed] to go outside and lay down [sic]." Appellant asked if she could "go sit down somewhere." Counsel asked her if she wanted to sit outside, and she said that she did. Appellant left the courtroom and did not return.

The trial court found that Appellant had voluntarily absented herself from the courtroom. This conclusion was based on the trial court's observation of Appellant's demeanor, the lack of evidence of an actual medical emergency, and the fact that Appellant had gone to the hospital rather than court on several other occasions.

At the sentencing hearing, there was some discussion of Appellant's distress the day of trial. Appellant maintained that she had a medical emergency that day, stating that she had a "gallbladder attack." She conceded that the medical facility at Gun Barrel City did not admit her when she went there the morning of the second day of trial and that she did not fill a prescription that she alleges was given to her. She also testified that she was taken to a medical facility in Athens following the trial and that she was not admitted to that facility either.

In sum, Appellant never offered any evidence other than her own testimony to overcome the trial court's suspicion of her self-report of being ill. The trial court's determination that her absence from trial was voluntary is reasonable in light of the evidence available when it made its decision. In light of all of the evidence, including evidence offered at the sentencing hearing, the trial court's implicit rejection of Appellant's claim that her absence was involuntary was reasonable and is supported by the evidence. We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's two issues, we *affirm* the judgment of the trial court.

## SAM GRIFFITH
Justice

Opinion delivered April 24, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 24, 2013**

**NO. 12-12-00152-CR**

**JOY LYNN EVERETT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 173rd Judicial District Court

of Henderson County, Texas. (Tr.Ct.No.A-18,275)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*