# NO. 12-15-00160-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRADLEY GRAHAM,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Bradley Gene Graham appeals from his conviction for felony theft. In three issues, Appellant challenges the sufficiency of the evidence, the trial court's decision to proceed with trial in his absence, and the effectiveness of his trial counsel. We affirm.

## BACKGROUND

The State charged Appellant with felony theft. The indictment alleged that Appellant unlawfully appropriated the axles and tongue from a mobile home without Richard Pike's effective consent and with the intent to deprive Pike thereof. The indictment alleged that the stolen property's value totaled $1,500 or more but less than $20,000. Appellant pleaded "not guilty."

At trial, Pike testified that he had not resided on the property for several years. One day, Pike learned of suspicious activity on the property. He and a sheriff's deputy went to the property, and he discovered that his storage shed was in "shambles" and almost every metal item had been removed from the property. The axles and tongue from his mobile home were among the missing items. Pike also noticed a worn foot path that led from his property to a neighboring property owned by Appellant's family.

Sergeant Charles Lawrence of the Angelina County Sheriff's Department testified that, while patrolling the area in which Pike's property was located, he saw a truck hauling the axles and tongue from a mobile home. Investigator Donald Carroll, also with the Angelina County Sheriff's Department, later located the truck at a scrap yard. Lawrence and Carroll both identified Appellant as the driver of the truck. Pike testified that the truck contained the axles and tongue from his mobile home, some shotgun shells from the shed, and a few other items. He explained that the axles and tongue had been attached to the mobile home. He denied giving anyone permission to take items from his property.

In a written statement to Sergeant Mike Jones of the Angelina County Sheriff's Department, Appellant admitted entering Pike's shed and looking inside the mobile home. He stated that his cousin, Tommy Graham, told him that he could haul off scrap metal on his property. He then walked next door to Pike's property. Appellant admitted taking the axles and tongue to sell at the scrap yard. He claimed that the axles and tongue were not attached to the mobile home when he took them. He knew he should not have taken these items, but he told Jones that he thought they were abandoned. Pike testified that the electricity and water had been turned off and he had not been to the property in about a month, but that the property was not abandoned.

The jury found Appellant guilty of felony theft. The trial court found the indictment's two felony enhancement paragraphs to be "true" and sentenced Appellant to imprisonment for eighteen years.[1]

**SUFFICIENCY OF THE EVIDENCE**

In his first issue, Appellant contends the evidence is insufficient to support his conviction because the State failed to prove the stolen property's fair market value or replacement value.

**Standard of Review**

When reviewing the sufficiency of the evidence, we determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. ***Brooks v. State***, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony.

---

[1] Although the charged offense is a state jail felony, Appellant was punished for a second degree felony because he has two prior convictions for offenses other than state jail felonies. *See* TEX. PENAL CODE ANN. §§ 12.33(a) (West 2011), 12.425(b) (West Supp. 2015).

*Id*. We give deference to the jury's responsibility to fairly resolve evidentiary conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the accused's guilt. *Id*.

**Facts**

At trial, Pike testified that the value of the tongue and axles had to be greater than $1,500. He testified that these items were over thirty years old and bore some rust, but were functional. On cross-examination, he agreed that the items' value could easily be $1,000, but he believed they were worth more. He disagreed that the value could be as low as $500, and he testified that he had not shopped for new items. On redirect examination, he stated that he would have had the property appraised had he known value would be an issue. However, Pike remained firm that the property's value totaled at least $1,500. Appellant subsequently moved for a directed verdict on the grounds that the State failed to produce sufficient evidence of value. The trial court denied the motion.

**Analysis**

A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2015). The value of property is (1) its fair market value at the time and place of the offense, or (2) if the fair market value cannot be ascertained, the cost of replacing the property within a reasonable time after the theft. *Id*. § 31.08(a). A property owner is competent to testify as to the value of his own property. *Sullivan v. State*, 701 S.W.2d 905, 908 (Tex. Crim. App. 1986). The owner also may testify as to his opinion or estimate of value in general and commonly understood terms. *Id*. at 909. Such testimony constitutes an offer of the witness's best knowledge of the property's value and is sufficient evidence for the trier of fact to make a determination as to value based on the witness's credibility. *Id*. This is true even without a specific statement as to "market value" or "replacement value." *Id*. If the defendant wishes to rebut the owner's opinion evidence, he must offer controverting evidence as to the property's value. *Id*.

The jury heard Pike opine, as the owner of the stolen property, that the mobile home axles and tongue were worth at least $1,500. The record does not indicate that Appellant provided evidence to controvert Pike's opinion as to value. Merely rebutting Pike's opinion on cross-examination is insufficient. *See id*. Absent controverting evidence, Pike's testimony alone

3

is sufficient to prove value. *See id*. at 908-09. Accordingly, as sole judge of the weight and credibility of the witnesses' testimony, the jury was entitled to accept Pike's testimony valuing the stolen property at $1,500. *See **Brooks***, 323 S.W.3d at 899; *see also **Hooper***, 214 S.W.3d at 13. Viewing the evidence in the light most favorable to the jury's verdict, we conclude that the jury could find, beyond a reasonable doubt, that Appellant committed felony theft of $1,500 or more but less than $20,000. *See **Brooks***, 323 S.W.3d at 899; *see also* TEX. PENAL CODE ANN. §§ 1.03(a), 31.08(a).[2] Because the evidence is legally sufficient, we overrule Appellant's first issue.

### APPELLANT'S ABSENCE FROM TRIAL

In his second issue, Appellant complains that the trial court erroneously proceeded with trial in his absence. He contends that, in his motion for new trial, he furnished the trial court with affidavits establishing that he had car trouble and contacted his attorney. He argues that he did not voluntarily absent himself from trial and that he was harmed by counsel's failure to either inform the trial court of the reason for his absence or request a continuance.

## Standard of Review and Applicable Law

In a felony prosecution, the defendant must be personally present at trial. TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2006). However, a trial may proceed to its conclusion when the defendant voluntarily absents himself (1) after pleading to the indictment or information, or (2) after the jury has been selected when trial is before a jury. *Id*. When the record shows that the defendant was present at the commencement or other portion of trial, it shall be presumed that, in the absence of contrary evidence, he was present during the entire trial. *Id*. We employ an abuse of discretion standard when evaluating a trial court's decision to proceed with trial in the defendant's absence. *See **Moore v. State***, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984). "In most instances, the validity of a trial court's decision that a defendant's absence was voluntary will have to be determined in hindsight." *Id*.

## Facts

During the guilt phase of trial, a lunch recess was taken at approximately 12:17 p.m., and the trial court instructed the parties, in Appellant's presence, to return at 1:30 p.m. At

---

[2] On the date of the offense, theft was a state jail felony when the value alleged was $1,500 or more but less than $20,000. *See* Act of May 29, 2011, 82nd Leg., R.S., ch. 1234 § 21, 2011 Tex. Gen. Laws 3301, 3310 (amended 2015) (current version at TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (West Supp. 2015)).

4

approximately 1:43 p.m., Appellant had not returned to the courtroom and defense counsel admitted having no knowledge of Appellant's whereabouts. The bailiff called Appellant's name in the hallway three times with no response. The trial court chose to proceed, given that Appellant "voluntarily absented himself" from trial. Appellant did not return to court that day. After finding Appellant guilty, one juror asked the trial court about Appellant's absence. The juror commented that while being absent did not help Appellant, his absence did not affect the jury's decision.

The following day, Appellant failed to appear in court for the punishment phase of trial. The trial court sentenced him to imprisonment for eighteen years. In his motion for new trial and attached affidavits, Appellant stated that his car battery died while he was at home for lunch and that he contacted his attorney's office. In an affidavit, Appellant stated that he had no telephone or additional transportation. When his neighbor returned home, Appellant used the neighbor's telephone to contact defense counsel, who told Appellant that he would request a continuance. In her own affidavit, Appellant's wife confirmed Appellant's version of events.

## Analysis

Appellant was present when the trial court recessed the proceedings for lunch and announced when proceedings would resume. Defense counsel expressly stated that he had no idea about Appellant's location, and the record does not indicate that Appellant tried to contact the trial court. Based on the facts before it at the time of its ruling, the trial court could reasonably conclude that Appellant voluntarily absented himself from trial. *See Moore*, 670 S.W.2d at 261.

When ruling on Appellant's motion for new trial, the trial court was the sole judge of the weight and credibility of the evidence, including Appellant's attached affidavits. *See Odelugo v. State*, 443 S.W.3d 131, 137 (Tex. Crim. App. 2014). Accordingly, the trial court was entitled to rely on defense counsel's representation at trial that he was unaware of Appellant's whereabouts and to reject Appellant's evidence to the contrary. *See id*. The trial court was also entitled to reject Appellant's contention that he had no other transportation, particularly absent evidence demonstrating that Appellant attempted to obtain other means of transportation. Under these circumstances, we conclude that the trial court did not abuse its discretion by finding that Appellant had voluntarily absented himself from trial. *See Moore*, 670 S.W.2d at 261; *see also* TEX. CODE CRIM. PROC. ANN. art. 33.03. We overrule Appellant's second issue.

In his third issue, Appellant contends that trial counsel rendered ineffective assistance by failing to request a continuance when he did not return to trial and by failing to request a jury instruction on the lesser included offense of Class A misdemeanor theft.

**Standard of Review and Applicable Law**

An appellant complaining of ineffective assistance must satisfy a two-pronged test. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *see also Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under the first prong, the appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The appellant must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. Absent evidence of counsel's reasons for the challenged conduct, we assume a strategic motivation if one can be imagined, and we will not conclude that challenged conduct is deficient unless it was so outrageous that no competent attorney would have engaged in it. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. Prejudice requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. The appellant must establish both prongs by a preponderance of the evidence or the ineffectiveness claim fails. *Tong*, 25 S.W.3d at 712.

Review of trial counsel's representation is highly deferential. *Id*. We indulge a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The appellant bears the burden of overcoming the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id*.; *Tong*, 25 S.W.3d at 712. Any allegation of ineffectiveness

must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. ***Bone v. State***, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). The record on direct appeal is rarely sufficiently developed to fairly evaluate a claim of ineffectiveness. ***Id***. at 833.

## Analysis

As previously discussed, the trial court did not abuse its discretion by proceeding with trial in Appellant's absence. Given the trial court's ruling and the law set forth by article 33.03, defense counsel may have believed that it would not have been productive to request a continuance. Defense counsel was not required to file a futile motion. *See **Mooney v. State***, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991). Additionally, trial counsel cannot be deemed deficient for his failure to request a lesser included offense instruction because he could have been pursuing an "all-or-nothing" strategy in hopes of an acquittal based on a jury finding that the stolen property was not worth $1,500 or more. *See **Washington v. State***, 417 S.W.3d 713, 726 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *see also **Shanklin v. State***, 190 S.W.3d 154, 161 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd).

Thus, we conclude that Appellant has failed to establish that counsel's performance was deficient, as required by the first prong of ***Strickland***. *See **Strickland***, 466 U.S. at 687, 104 S. Ct. at 2064; *see also **Tong***, 25 S.W.3d at 712. Appellant's ineffectiveness claim fails. *See **Tong***, 25 S.W.3d at 712. We overrule Appellant's third issue.

### DISPOSITION

Having overruled Appellant's three issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered June 30, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2016

NO. 12-15-00160-CR

**BRADLEY GRAHAM,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2011-0160)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*